[No. B211381. Second Dist., Div. Five. Apr. 8, 2010.]

In re the Marriage of RUTH and PAUL ZIMMERMAN.
RUTH ZIMMERMAN, Appellant, v.
PAUL ZIMMERMAN, Respondent;
Z & Z COMMERCIAL PARTNERS, LLC, et. al., Respondents.

COUNSEL

Law Offices of Stephen R. McLeod and Stephen McLeod for Appellant.

Law Office of Lynette Berg Robe and Lynette Berg Robe for Respondent Paul Zimmerman.

Law Offices of Paul Ottosi and Paul Ottosi for Respondents Z & Z Commercial Partners, LLC, UZI Capital Management, Inc. and Uzi Zimmerman.

OPINION

MOSK, J.—

## INTRODUCTION

Petitioner and appellant Ruth Zimmerman (petitioner) sought to set aside prior child support orders against her former husband, respondent Paul Zimmerman (respondent), concerning their three children, because of respondent's alleged fraud. The trial court ruled against petitioner on the ground that her claims were barred by the limitations provision of Family Code section 3691, subdivision (a),[1] which provides for the grounds and time limits for an action or motion to set aside a support order. Petitioner appeals from that order and an order for discovery sanctions against her. We affirm the orders.

## BACKGROUND

Judgment for dissolution of the marriage between petitioner and respondent was entered in 1997. There have been a number of hearings and orders concerning the relationship between the parties. We only set forth the relevant ones.[2]

In 2003, pursuant to respondent's request for an order to show cause to modify child support and establish child support arrearages, the trial court ordered child support for the three children in the amount of $1,211 per month, plus certain child care expenses, and ordered respondent to pay

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

[2] The record is unclear with respect to certain aspects of the history of proceedings. At one point, the trial court said, "You've had a million review hearings. You're coming back all the time." The trial court also stated that certain orders had not been reflected in minute orders.

$14,499 in arrearages at the rate of $500 per month. There were other proceedings dealing with visitation and health insurance.

Petitioner filed an application for an order to show cause in February 2006 requesting, inter alia, the modification of a prior child support order. This resulted in "a review hearing process." In January 2007, a review hearing concluded with child support orders. Respondent had requested a reduction in child support, in part because he had another child of his second marriage. The trial court reduced child support to $643 per month, plus child care expenses of $250 per month. Any arrearages were to be paid at the rate of $100 per month. The trial court provided that child support might be retroactively modifiable to June 1, 2006, depending on financial statements to be provided by respondent. The January 30, 2007, review hearing resulted in child support orders that were memorialized in a May 16, 2007, order. The trial court in July 2007 noted the trial court (a different judge) "seemingly made certain orders that are not reflected in the minute order and the parties did not provide a transcript. As a result, if the court made child support orders, this court is not aware of them."

The trial court stated, "In the May 16, 2007 order, the court set a child support modification review hearing for June 21, 2007. From the file, it appears that the review hearing was ultimately continued several times to November 5, 2007." Meanwhile, the parties engaged in extensive discovery requiring court orders and sanctions. Petitioner sought discovery of information concerning respondent's family and family businesses, including Z & Z Commercial Partners, LLC, Capital Management, Inc., and Uzi Zimmerman (respondent's brother). These businesses and Uzi Zimmerman resisted that discovery.

In connection with a November 5, 2007, review hearing and order to show cause regarding, inter alia, child support (which hearing was a continuation of prior hearings), petitioner filed with the trial court declarations with many exhibits for the purpose of showing that respondent had provided petitioner and the court with fraudulent information under oath since 2002 concerning respondent's income and financial status. Petitioner stated in her points and authorities she learned about respondent's concealment in October 2007. In her submission, she expressed the desire to obtain a new child support order retroactive to 2002. The trial court had retained jurisdiction to make child support orders retroactive to June 1, 2006. The trial court did not review the petitioner's filing, as it was filed late (Code Civ. Proc., § 1005, subd. (b)), and respondent raised evidentiary issues as to petitioner's material. Although

petitioner's material was discussed, the trial court said, "What is this whole thing that I just had presented to me? . . . I can't consider this because I don't have time to read it."

At a February 20, 2008, hearing, in response to a trial court question, counsel for petitioner conceded that petitioner had not filed a motion to set aside a child support order. The trial court suggested that is what she should do, and if she did want to file a motion she should do so "quickly" because of time limitations.

On April 3, 2008, petitioner filed an order to show cause regarding modification of child support based on a change in petitioner's job status. She did not seek to set aside any prior orders on the basis of fraud. On April 29, 2008, the trial court ordered respondent to pay petitioner child support in the amount of $1,387 per month and requested that a formal order be submitted for signature by the trial court. This formal order was not signed until October 2008.

On June 10, 2008, petitioner moved to set aside the child support order and retroactively modify child support. She alleged that respondent had committed fraud and perjury with respect to prior orders. On July 22, 2008, the trial court in a tentative decision noted that petitioner filed in November 2007 a declaration concerning respondent's alleged fraud, but petitioner did not file her motion to set aside the child support order until June 20, 2008. Thus, the trial court stated that the six-month limitation period of section 3691 barred her claim. (The trial court observed that the motion was not filed on the mandatory Cal. Judicial Council form FL-360 (rev. Jan. 1, 2007), but nevertheless allowed the hearing on the motion.) The trial court also tentatively ruled on various discovery motions and indicated it would consider awarding sanctions against petitioner. The trial court requested transcripts of certain prior proceedings.

On August 11, 2008, the trial court incorporated into a minute order the tentative rulings on the statute of limitations and discovery issues and ordered respondent to prepare a formal order. On September 11, 2008, the trial court ordered discovery sanctions against petitioner consisting of $3,591.81 payable to respondent at rate of $360 per month and $7,500 payable to Z & Z Commercial Partners, LLC, UZ Capital Managements, Inc., and Uzi Zimmerman at the rate of $250 per month. The trial court said that because respondent had not filed a "current FL-150," the trial court could not award sanctions under sections 2030 and 2032, but it did so under Code of

Civil Procedure sections 2023.010 and 2023.030. The trial court stated in this connection, "petitioner filed a confusing pleading early in the process and did not until much later file an appropriate motion to set the prior order aside. This is not substantial justification, as the other parties to the discovery were forced to expend fees in fighting the matter."

On October 8, 2008, petitioner filed a notice of appeal from the August 11, 2008, order (that incorporated the tentative decisions of July 22, 2008) and the September 11, 2008, order. The trial court signed its findings and order on March 23, 2009.

## DISCUSSION

### A. *Appealability*

On October 8, 2008, petitioner appealed from the August 11, 2008, and September 11, 2008, minute orders. The entry date of an appealable order entered in the minutes is the date of the minute order. (Cal. Rules of Court, rule 8.104(d)(2).) The trial court specified in the first minute order that respondent was to submit a formal order for signature of the parties and the trial court. The second minute order did not contemplate a further order. Thereafter, on March 23, 2009, the trial court executed its formal order, incorporating its rulings announced in its first minute order. Even if an executed formal order is an operative one, as authorized by rule 8.104(e)(2) of the California Rules of Court, we "treat the notice of appeal [as to that order] as filed immediately after the order's entry." (*In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 229, fn. 4 [70 Cal.Rptr.3d 881].)

In family law actions, postjudgment orders regarding modification of support are appealable. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 497 [21 Cal.Rptr.3d 315].) The sanctions award of $7,500 is also an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(12).) Accordingly, we deem the notice of appeal as timely, and the orders appealed from as appealable.

### B. *Standards of Review*

A trial court child support order is reviewed under the abuse of discretion standard of review, and the trial court's findings of fact in connection with a child support order under the substantial evidence standard of review. (*In re Marriage of Rothrock, supra*, 159 Cal.App.4th at pp. 229–230.) "To the extent the trial court's decision reflects an interpretation of a statute, it

presents a question of law that we review de novo." (*Id.* at p. 230.) The propriety of a discovery sanction is ordinarily reviewed using the abuse of discretion standard. (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422 [86 Cal.Rptr.3d 457].)

### C. *Limitations Period*

The trial court applied section 3691 to bar petitioner's claim. Section 3690 states, in part: "(a) The court may, on any terms that may be just, relieve a party from a support order, or any part or parts thereof, after the six-month time limit of Section 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in this article. [¶] (b) In all proceedings under this division, before granting relief, the court shall find that the facts alleged as the grounds for relief materially affected the original order and that the moving party would materially benefit from the granting of the relief."

Section 3691 provides in part, "The grounds and time limits for an action or motion to set aside a support order, or any part or parts thereof, are governed by this section and shall be one of the following: [¶] (a) Actual fraud. Where the defrauded party was kept in ignorance or in some other manner, other than his or her own lack of care or attention, was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within six months after the date on which the complaining party discovered or reasonably should have discovered the fraud. [¶] (b) Perjury. An action or motion based on perjury shall be brought within six months after the date on which the complaining party discovered or reasonably should have discovered the perjury."[3]

On June 10, 2008, petitioner filed her notice of motion based on respondent's alleged fraud and perjury. Petitioner sought "to set aside orders; retroactive modification of child support (see paragraph 9)." In paragraph 9 she stated "[t]hat the current order 6/1/06 related to child support for the then minor children . . . be deemed to have been procured by the fraud of Respondent . . . in view of that fraud, and based on Respondent's actual

---

[3] "[T]he affirmative defense based on the statute of limitations should not be characterized by courts as either 'favored' or 'disfavored.' The two public policies identified above—the one for repose and the other for disposition on the merits—are equally strong, the one being no less important or substantial than the other." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 396 [87 Cal.Rptr.2d 453, 981 P.2d 79].) "Thus, we approach the issue of the statute of limitations defense in this case with no policy predisposition favoring either side." (*Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal.4th 1142, 1149 [113 Cal.Rptr.2d 70, 33 P.3d 487].)

earnings, that child support be calculated retroactively to 5/02." In her declaration, petitioner concludes, "I respectfully request that my motion to set aside orders procured by fraud and to retroactively modify child support be granted and that retroactive numbers be calculated on the Dissomaster program for the years 2002, 2003, 2004, 2005, 2006, 2007 and 2008 based on Respondent's true earnings." In her points and authorities, she concludes, "Respondent's fraudulent concealment concerning his income had led to two orders, one in June, 2006 and the other in March, 2003 . . . those orders should be set aside. . . ." Elsewhere she states that her motion was "to set aside the 2006 child support order based on extrinsic fraud."

The trial court noted in its July 22, 2008, minute order, it "could not find a June 1, 2006 support order and the petitioner does not make clear exactly what order or orders she wishes set aside." At the July 22, 2008, hearing the trial court said, "First of all, I don't know what orders you are trying to set aside, and that's a huge problem under 3690." Counsel for petitioner replied, "There was a 2/27/06 OSC, and it was litigated through a January 30, 2007 hearing . . . it was embodied in this order of May 27, 2007, that retained jurisdiction to reset child support. [¶] . . . [¶] At the hearing of June 21, 2007—this is the one that invariably went to November—the court looked back at respondent's earnings for the past year, to June 1, 2006." Petitioner's counsel agreed that child support was open going back to June 1, 2006, but "child support was at play at that point [presumably June 21, 2007]." Counsel for petitioner later referred to setting aside the May 16, 2007, or June 27, 2003, child support orders.

In its final order, the trial court found "that on June 10, 2008, petitioner filed a motion to set aside the 'current order June 1, 2006, related to child support' and to recalculate child support back to May 2002 in light of the alleged 'fraud of the respondent in intentionally not disclosing his true income.' . . . The court could not find a June 1, 2006, child support order, and the Petitioner did not clearly state otherwise in the moving papers exactly what order or orders she wished to set aside. The court finds that the most recent child support order entered was made on April 29, 2008, by minute order, although the formal order has not yet been entered on July 22, 2008, modifying the child support due to Petitioner's unemployment. The order prior to that was May 16, 2007 . . . ."

The trial court observed that, generally, pursuant to section 3653, subdivision (a), the trial court could modify an order retroactive to a prior date up to the date of service of a motion or order to show cause. The May 16, 2007, order provided it could be retroactively modified back to June 1, 2006. If the

trial court, based on fraud or perjury, granted a timely motion to set aside a child support order, retroactive modification would not be limited. The trial court found that petitioner, on November 5, 2007—more than six months prior to June 10, 2008—had discovered or reasonably should have discovered the alleged fraud and perjury, as evidenced by the content of the material she filed on November 5, 2007.

Petitioner has not sought to set aside any order made after the 2006 date specified in her motion. Petitioner does not assert that Code of Civil Procedure section 473 applies. That section provides that a party may be relieved from an order within six months of that order for mistake, inadvertence, surprise or excusable neglect. As the application to set aside support order under section 3691 must be made on a form adopted for mandatory use by the California Judicial Council (see FL-360, rev. Jan. 1, 2007), the application or motion to set aside support orders could not have been made orally on November 5, 2007. The trial court excused the requirements of the use of the required form only in connection with the written motion of June 21, 2008.

■ Petitioner's characterization of her November 5, 2007, filing as an "action" under section 3691 to set aside a support order is to no avail. There is no suggestion in the record that anyone considered petitioner's November 2007 filing as an "action." That is why the trial court later suggested petitioner file a motion and why petitioner did file a motion. Moreover, "[a]n 'action,' is defined as 'an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' ([Code Civ. Proc.,] § 22[.]) . . . With respect to civil actions, 'an "action" means the same thing as a "suit." [Citation.]' [Citations.] . . . [T]he Legislature used the terms 'civil action' and 'civil suit' interchangeably in this context." (*People v. Yartz* (2005) 37 Cal.4th 529, 536 [36 Cal.Rptr.3d 328, 123 P.3d 604].) In section 3691, "action" as distinguished from "motion," means an independent action to set aside a support order. (See 3 Hogoboom and King, Cal. Practice Guide: Family Law (The Rutter Group 2009) ¶ 16:135, p. 16–37 (rev. # 1, 2007) (Hogoboom) [proceeding may be initiated by motion in the underlying action or by an "*independent* action to set aside" under § 2120 et seq.].) Petitioner never filed an independent action to set aside child support orders.

Petitioner asserts that the one year statute of limitations in section 2122 should govern. Section 2121 provides, "(a) In proceedings for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court may, on any terms that may be just, relieve a spouse from a judgment, or any part or parts thereof, adjudicating support or division of property, after

the six-month time limit of Section 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in this chapter. [¶] (b) In all proceedings under this chapter, before granting relief, the court shall find that the facts alleged as the grounds for relief materially affected the original outcome and that the moving party would materially benefit from the granting of the relief."

Section 2122 states in part: "The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following: [¶] (a) Actual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud. [¶] (b) Perjury. An action or motion based on perjury in the preliminary or final declaration of disclosure, the waiver of the final declaration of disclosure, or in the current income and expense statement shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the perjury."

Section 3691 specifically applies to "an action *or motion* to set aside a support order" (italics added), while section 2122 applies to "a motion to set aside a judgment." Here, petitioner's motion was to set aside a support order. Thus, section 3691, subdivision (b) and its six-month period of limitations govern. As one authority has written, "The two sets of statutes, although similar, are not identical. This could create a 'trap' for inattentive parties and counsel, as the *grounds and time limits* vary depending upon whether the requested set-aside is directed at a support *judgment* entered in a dissolution, legal separation or nullity action or, instead, an *order* for support entered in *any* civil action." (3 Hogoboom, *supra,* ¶ 16:164, pp. 16-43 to 16-44 (rev. # 1, 2009).)

■ Petitioner asserts that the order can be set aside by her invoking "extrinsic fraud," which permits equitable relief. But, section 3691 makes no distinction in the type of "actual fraud" it covers.[4] Petitioner argues that she is entitled to equitable relief. But "traditional 'equitable' set-aside relief is *statutorily-preempted* with regard to *support orders.*' " (3 Hogoboom, *supra,* ¶ 16:80, p. 16–24 (rev. # 1, 2009).) Aside from the six-month period specified in Code of Civil Procedure section 473, subdivision (b) for moving to set aside an order, Family Code section 3691 is the exclusive set-aside remedy. An authority stated, "After the CCP § 473(b) six-month time limit

---

[4] "Actual fraud" is distinguished from "constructive fraud." (Civ. Code, §§ 1571–1573.)

has run, the trial court may . . . relieve a party from a *support order* . . . based *only* on the grounds and within the time limits set forth in Fam.C. §3690 et seq. [Fam.C. §§3690(a), 3691(a)—grounds and time limits for setting aside support orders 'are governed by this section and *shall* be one of the following . . .' (emphasis added)]." (3 Hogoboom, *supra*, ¶ 16:164.2, p. 16-44 (rev. # 1, 2009); see *In re Marriage of Heggie* (2002) 99 Cal.App.4th 28, 32–34 [120 Cal.Rptr.2d 707] [§ 2120 et seq.]; *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1146–1147 [97 Cal.Rptr.2d 707] [§ 2120 et seq.]; see generally *In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 626–627 [60 Cal.Rptr.3d 39].)

■ Petitioner asserts that the limitations period should be equitably tolled because she had made her November, 2007 fraud allegations in connection with ongoing proceedings. "Equitable tolling is a judge-made doctrine 'which operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness. (*Addison v. State of California* (1978) 21 Cal.3d 313, 318–319 [146 Cal.Rptr. 224, 578 P.2d 941] (*Addison*); see also *Bollinger v. National Fire Ins. Co.* (1944) 25 Cal.2d 399, 411 [154 P.2d 399] . . . .) This court has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice. [Citations.] [¶] . . . [¶] Moreover, equitable tolling should not apply if it is 'inconsistent with the text of the relevant statute' (*United States v. Beggerly* (1998) 524 U.S. 38, 48 [141 L.Ed.2d 32, 118 S.Ct. 1862] [quiet title action must commence within 12 years after discovery of government's title claim; generous limitations period, beginning only upon discovery, already provides for equitable tolling, and further tolling not warranted]; see also *Lampf v. Gilbertson* (1991) 501 U.S. 350, 363 [115 L.Ed.2d 321, 111 S.Ct. 2773] [where federal securities fraud action was subject to limitations of one year from discovery, or three years from violation, three-year period was 'outside' limit not subject to tolling]) or contravenes clear legislative policy (cf. *Abreu v. Svenhard's Swedish Bakery* (1989) 208 Cal.App.3d 1446, 1456 [257 Cal.Rptr. 26] [equitable tolling would violate policy of uniform federal statute of limitations for suits claiming violations of labor contracts]). [¶] 'As with other general equitable principles, application of the equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute.' (*Addison, supra*, 21 Cal.3d 313, 321.)" (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 369–372 [2 Cal.Rptr.3d 655, 73 P.3d 517]; see *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88 [84 Cal.Rptr.3d 734, 194 P.3d 1026].)

■ The petitioner bears the burden of proving the applicability of equitable tolling. (*Judelson v. American Metal Bearing Co.* (1948) 89 Cal.App.2d 256, 266 [200 P.2d 836]; *V.C. v. Los Angeles Unified School Dist.* (2006) 139 Cal.App.4th 499, 516 [43 Cal.Rptr.3d 103].) The issue of equitable tolling was never invoked before the trial court. " ' " '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.' Thus, 'we ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived. [Citations.]' " ' [Citation.]" (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 [77 Cal.Rptr.3d 695].) Thus, petitioner forfeited the equitable tolling doctrine.

■ Even if we did consider that doctrine, this is not a case in which a party had an action pending in another court or in an administrative tribunal. (See generally 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, §§ 694(7), 739, pp. 914, 963–965.) The other proceedings to which petitioner refers in order to invoke the equitable tolling doctrine involved the modification of a child support order—not the setting aside of the order and request for retroactive support payments. The modification proceeding was different than, and not a prerequisite for, the set-aside proceeding. Moreover, section 3691 provides that the period of limitations accrues upon knowledge, suggesting that equitable tolling would not apply to that "particular statute of limitations." (*McDonald v. Antelope Valley Community College Dist., supra,* 45 Cal.4th at p. 105; see *Lantzy v. Centex Homes, supra,* 31 Cal.4th at pp. 366–367.)

■ There is substantial evidence to support the trial court's finding that petitioner had the requisite knowledge over six months prior to the filing of the set-aside motion. Petitioner submitted her declaration on November 5, 2007, that included material that petitioner contended showed respondent knew as early as 2002 he was to become a partial owner, along with his entire family, of a 70,000-square-foot mall and was a manager of that operation; his representations of income in 2003 were untrue; and his other income and expense statements were false. Petitioner stated, "I respectfully request that the false information and documentation which has been provided to the court be noted." She included in her material subpoenaed documents and other declarations, all of which were to support her contention that respondent committed fraud and perjury in connection with his representations of his financial situation.

■ Petitioner claims that the "action" and thus the statute of limitations issue could not be resolved other than by a trial. But section 3691 also

contemplates a motion, and that was the procedure petitioner utilized. There is nothing to suggest that a trial with oral testimony is required for this postjudgment proceeding. In *Reifler v. Superior Court* (1974) 39 Cal.App.3d 479, 485 [114 Cal.Rptr. 356], the court held that in proceedings in marital dissolution matters the trial court may proceed without oral testimony. (See *Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 256, fn. 17 [91 Cal.Rptr.3d 241] ["*Reifler v. Superior Court*[, *supra*,] 39 Cal.App.3d 479 . . . , [is] generally acknowledged as the granddaddy of the line of cases allowing a trial court to exclude live testimony in family law OSC's and motions."].) In *Alan S.*, the court said that in certain complicated proceedings, there should be a hearing with live testimony. Here, there only was the question of the application of the statute of limitations, which question did not necessitate live testimony. Discovery sanctions generally are decided by way of a motion. (See Code Civ. Proc., § 2023.040.)

Petitioner argues that respondent should be estopped[5] from asserting the statute of limitations because in his notice of ruling served on petitioner in connection with a ruling on discovery, he said, "If the Petitioner seeks to set aside the May 16, 2007, or the June 27, 2003, child support orders and to seek retroactively to an earlier date, she should file any motion to set aside on or before June 10, 2008." The actual minute order entered after the February 27, 2008, hearing made no reference to any motion to set aside. Respondent concedes the notice of ruling was incorrect in that regard.

At the February 2008 hearing itself, the trial court advised petitioner that if she wanted to file a motion to set aside a child support order, she should do it "quickly" because of the statute of limitations. The colloquy was as follows: The court asked petitioner's counsel, "Have you done a motion to set aside that order?" He answered "No." The court said, "Well, I think maybe what you should do . . . I don't even know if within time you can." Respondent's counsel said "we're past that [473]." The court then said, "Well, if you want to do—if you want to do it, file a motion, and do it quickly." There is nothing in the record that suggests respondent intended that his notice be acted upon or was intended to induce petitioner to delay filing a motion to set aside child support orders. Petitioner's counsel participated in the hearing and knew what transpired. The discovery in the months following the February 2008 hearing does not establish that respondent somehow induced petitioner to delay filing a motion or otherwise should result in an estoppel. Parenthetically, petitioner was the proponent of some of the discovery. There is substantial evidence to support the trial court's finding that "there is no reason set forth

---

[5] "Equitable tolling and equitable estoppel are distinct doctrines." (*Lantzy v. Centex Homes, supra*, 31 Cal.4th at p. 383.)

in the record that respondent should be estopped from asserting Family Code section 3691(b)."

Contrary to petitioner's contention, there is no indication in the record that the trial court extended the time limits for bringing a motion to set aside under section 3691, subdivision (b), even if it could have done so. The trial court found there was no such extension, and there is substantial evidence to support that finding.

Finally, petitioner suggests she can bring up issues of fraud and perjury not raised in her November 2007 material. Her motion was to set aside for fraud and perjury. That she may have obtained more evidence of fraud and perjury than she had in November 2007 is of no significance for purposes of knowledge necessary for the accrual of the period of limitations. Having had knowledge of the alleged fraud and perjury in November 2007, the six months limitations period applies to her motion to set aside for fraud and perjury brought in June 2008.

## D. *Discovery Sanctions*

The trial court determined that petitioner engaged in discovery in connection with her fraud and perjury claims. The trial court, in awarding sanctions, asserted that "petitioner filed a confusing pleading early in the process and did not until much later file an appropriate motion to set the prior order aside. This is not substantial justification, as the other parties to the discovery were forced to expend fees in fighting the matter." The trial court said that "at the time that the discovery was propounded, there was no OSC before the court, and therefore the discovery and this motion are premature." The trial court also noted various procedural defects in petitioner's discovery.

█ There is nothing to suggest that the trial court abused its discretion in awarding sanctions. Petitioner brought motions to obtain discovery in connection with a motion that was barred by her own delay. The trial court could reasonably conclude this constituted a misuse of discovery or was done without substantial justification. (Code Civ. Proc., §§ 1987.2, subd. (a), 2023.010–2023.030.) Sanctions also may be imposed "on one unsuccessfully asserting that another had engaged in the misuse of the discovery process . . . ." (Code Civ. Proc., § 2023.030, subd. (a).) Petitioner unsuccessfully sought to compel discovery, asserting, in effect, that respondent and others from whom she sought discovery were misusing the discovery process. Accordingly, the trial court did not abuse its discretion in imposing sanctions.

## DISPOSITION

The orders of the trial court are affirmed. Respondents are awarded their costs.

Armstrong, Acting P. J., and Weisman, J.,* concurred.

On April 23, 2010, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 23, 2010, S182765.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.