Filed 9/30/13  Quillinan v. Papavassiliou CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CYPORETTE QUILLINAN et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>ANNA PAPAVASSILIOU,<br><br>        Defendant and Respondent. | A136810, A136813<br><br>(Alameda County<br>Super. Ct. No. RG-10550466) |

Plaintiffs Cyporette, Kevin, John, and Moshe Quillinan sued their landlord, Anna Papavassiliou, for damages suffered in connection with her alleged maintenance of substandard rental housing.  After two and one-half years of litigation, Cyporette, John, and Moshe filed voluntary dismissals of their claims.[1]  Two weeks later, Kevin moved for leave to file an amended complaint, but before the motion was heard he, too, dismissed his claims, terminating the action.  Papavassiliou thereafter moved for statutory attorney fees, contending she was a prevailing party by virtue of plaintiffs' voluntary abandonment of the action.  The trial court granted the motion.  Finding no abuse of discretion, we affirm.

## I.  BACKGROUND

Plaintiffs initiated this lawsuit in November 2009.  Their third amended complaint (complaint), filed on December 13, 2011, alleges they lived in a "dilapidated" apartment building in Berkeley "owned and/or managed" by Papavassiliou.  The complaint

---

[1] When referring to the individual plaintiffs, we will use their first names for clarity.  We mean no disrespect in observing this convention.

describes in detail plaintiffs' dealings with Papavassiliou and her agents in an effort to obtain the repair of various deficiencies in the building and alleges 10 causes of action, including attempted retaliatory eviction (Civ. Code, § 1942.5, subd. (c)) and wrongful collection of rent for a substandard dwelling (Civ. Code, § 1942.4, subds. (a), (b)). Although plaintiffs were self-represented, the record suggests the case was vigorously litigated on both sides.

On July 5, 2012, Papavassiliou moved for a continuance of the October 2012 trial date on the grounds additional time was necessary for discovery and she intended to file a motion for summary adjudication of certain claims. One week later, on July 13, John, Moshe, and Cyporette filed requests for voluntary dismissal of their claims. On July 18, Kevin filed a motion for leave to file an amended complaint. Papavassiliou responded on July 24 with a motion to compel discovery, for sanctions, and for appointment of a referee. Before any of the pending motions were heard, on July 30, Kevin filed a request for a voluntary dismissal of his claims. Judgment was entered for Papavassiliou the next day.

In September, Papavassiliou filed a motion for statutory attorney fees, citing as authority Civil Code sections 1942.4 and 1942.5, and Code of Civil Procedure section 1033.5. Papavassiliou argued she was a prevailing party as a matter of law because plaintiffs had voluntarily dismissed their action. Kevin and Cyporette opposed the motion. In a declaration, Cyporette explained she dismissed her claims because she thought Papavassiliou intended to repair the substandard conditions in their home. A housing inspector had told her Papavassiliou had applied for building permits to repair the premises, and Papavassiliou had begun some repairs. After a discussion with Kevin, her husband, the couple "mutually decided to give the Defendant one more chance to repair our premises. Following through on our belief, we dismissed this action without prejudice to see if Defendant would continue to perform repairs." Kevin stated in his declaration that he dismissed the action on the same basis. Kevin's declaration further stated that Papavassiliou had not, in fact, proceeded with the needed repairs, and as a

2

result he had initiated an action against her in federal court, filed one week after his request for dismissal.

The trial court granted the motion, awarding attorney fees of $32,036.25. In the written order explaining its rationale, the trial court found not credible Cyporette's and Kevin's explanation for their dismissals, citing Kevin's filing of the federal action barely one week after his dismissal and his statement in connection with the motion for leave to file an amended complaint, two weeks prior to his dismissal, that he believed Papavassiliou did not intend to perform substantive repairs but instead to do cosmetic work. The court then reasoned: "Even if Plaintiff had dismissed his action based on [the] good-faith but—on his own account—readily-proven-erroneous belief that he had attained his litigation goal, that would not change the reality that Defendant is the 'prevailing party "on a practical level" ' (*Galan* [*v. Wolfriver Holding Corp.* (2000)] 80 Cal.App.4th [1124,] 1129 [(*Galan*)])." Analogizing the circumstances to those in *Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146 (*Salehi*), discussed below, the court concluded: "[E]ven assuming Plaintiff dismissed the action in [the] good-faith belief that he had induced Defendant to make repairs, that would mean that Plaintiff mistook himself for the prevailing party, while Defendant actually was the prevailing party. As such, she is entitled to recover her attorney's fees pursuant to Civil Code sections 1942.4 and 1942.5."

## II.  DISCUSSION

Plaintiffs contend the trial court erred in finding Papavassiliou to be the prevailing party.

Civil Code section 1942.4 precludes a landlord of substandard housing from collecting rent and permits a tenant to obtain an order requiring the landlord to repair the deficiencies. (*Id.,* subds. (a), (c).) Civil Code section 1942.5 precludes retaliation by a landlord against a tenant seeking to enforce rights under regulatory statutes such as section 1942.4. Both section 1942.4, subdivision (b)(2) and section 1942.5, subdivision (g) provide that the court "shall" award reasonable attorney fees and costs to the prevailing party in an action brought under the statute. Such language makes an

3

award of attorney fees to the prevailing party mandatory, assuming there is a prevailing party. (*Hsu v. Abarra* (1995) 9 Cal.4th 863, 872.)

Neither Civil Code section 1942.4 nor 1942.5 defines "prevailing party" for purposes of an award of attorney fees. Accordingly, "the determination of which party, if either, prevailed in an action brought under section 1942.4 is a matter left to the discretion of the trial court." (*Galan, supra*, 80 Cal.App.4th at p. 1128.) In these circumstances, the trial court is required to determine which party, if either, "was the prevailing party 'on a practical level.' " (*Id.* at p. 1129.) This calls for a "pragmatic approach," requiring "consider[ation of] the extent to which each party realized its litigation objectives." (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1264.)

Because the decision to award attorney fees is left to the discretion of the trial court, we review for abuse of discretion. (*Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574.) " ' "[D]iscretion is abused whenever . . . the court exceeds the bounds of reason, all of the circumstances before it being considered." [Citation.]' [Citation.] 'In deciding whether the trial court abused its discretion, "[w]e are . . . bound . . . by the substantial evidence rule. [Citations.] . . . The judgment of the trial court is presumed correct; all intendments and presumptions are indulged to support the judgment; conflicts in the declarations must be resolved in favor of the prevailing party, and the trial court's resolution of any factual disputes arising from the evidence is conclusive." ' " (*Salehi, supra,* 200 Cal.App.4th at p. 1154.)[2]

Plaintiffs argue Papavassiliou was required to demonstrate their claims were frivolous in order to recover attorney fees. The case on which plaintiffs rely, *Christiansburg Garment Co. v. Equal Employment Opportunity Comm.* (1978) 434 U.S. 412, addresses the standard for recovery of attorney fees under a federal statute, title 42

---

[2] Plaintiffs argue for de novo review, but that standard is applicable only when the decision to award attorney fees is a matter of statutory interpretation. (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.) This case does not call for statutory interpretation, since the standard for an award of attorney fees is well-established.

United States Code section 2000e-5(k), that is not relevant here. (*Christiansburg*, at p. 413, fn. 1.) As discussed above, *Galan* directly addresses the standard to be applied under Civil Code section 1942.4, applying the "practical level" test. Because plaintiffs provide no grounds for rejecting that decision, we apply the *Galan* standard.

In *Galan*, the plaintiffs entered into a settlement agreement with the prior owners of their residence, agreeing as part of the settlement to dismiss their claims against the current owner, who had purchased the building from one of the settling defendants. The settling defendants apparently insisted on this dismissal because the current owner had filed suit against them in connection with the sale. In turn, the plaintiffs had no strong incentive to pursue the current owner because there were questions about the collectability of a judgment against it. The trial court denied an award of prevailing party attorney fees to the current owner, notwithstanding the plaintiffs' voluntary dismissal. (*Galan, supra*, 80 Cal.App.4th at p. 1126.) The Court of Appeal affirmed the denial, rejecting the argument the current owner was a prevailing party as a matter of law because it had been dismissed. The court found no abuse of discretion in the trial court's conclusion there was no prevailing party, noting the settlement did not "exonerate" the current owner, the plaintiffs had reached a satisfactory settlement with the other defendants, and the plaintiffs could have decided as a practical matter it was not worth the further expense of pursuing the current owner. (*Id.* at p. 1129.)

*Salehi*, cited by the trial court, did not arise under either Civil Code section 1942.4 or 1942.5, but it applied the same "practical level" standard for determining the prevailing party in a claim for statutory attorney fees. The pro se plaintiff in *Salehi*, an attorney, sued her condominium association. At the same time, she represented another condominium owner in a similar lawsuit. (*Salehi, supra*, 200 Cal.App.4th at p. 1151.) Two weeks before scheduled trial in *Salehi,* but after the conclusion of trial in the parallel lawsuit, the plaintiff told defense counsel that an expert witness had become seriously ill and would be unavailable for trial. The plaintiff said she planned to dismiss all of her claims other than the claims for fraud and negligent misrepresentation and to refile the dismissed claims after the expert had recovered. Shortly thereafter, she filed a voluntary

dismissal of most of her claims. At about the same time, a statement of decision was rendered in the parallel lawsuit granting judgment to the association. In addition, the plaintiff moved for a continuance of trial on the remaining claims for fraud and misrepresentation. (*Ibid.*) The defendant, arguing the plaintiff dismissed her claims because she realized she would lose at trial, unsuccessfully sought statutory attorney fees in connection with the dismissed claims. (*Id.* at p. 1152.)

The Court of Appeal reversed, holding the trial court abused its discretion in not finding the defendant to be the prevailing party. In explanation, the court said: "When Salehi filed her request for dismissals on January 8, 2010, she should have known that her expert's unavailability would constitute good cause for a continuance. The trial court would have abused its discretion had it denied a continuance in these circumstances. . . . [¶] Instead of moving for a continuance on all of the causes of action, as a competent attorney would have done, Salehi dismissed eight of them. These dismissals were unnecessary because she was entitled to a continuance. . . . [¶] . . . Even though Salehi's dismissals were based on reasons unrelated to 'the probability of success on the merits' [citation], it is unfair to deprive Association of its reasonable attorney fees. Because of Salehi's dismissals, Association 'realized its litigation objectives.' [Citation.] The dismissals were due to Salehi's faulty reasoning. To shield her from attorney fees liability would reward what the trial court characterized as her 'poor decisions.' She should not be able to take advantage of her own fault or wrong." (*Salehi, supra*, 200 Cal.App.4th at pp. 1155–1156.)

We agree with the trial court that this case is much closer to *Salehi* than *Galan.* Like any defendant, Papavassiliou's objective in the litigation was a defense judgment. As a result of the voluntary dismissals, she achieved this objective. Judging from the complaint, plaintiffs were seeking compensatory and punitive damages; their demand contains no request for any other type of relief. Unlike the plaintiffs in *Galan,* who entered into a settlement with other defendants, plaintiffs received nothing in return for their dismissals. On this "practical level," the trial court did not abuse its discretion in finding Papavassiliou to be the prevailing party.

In their opposition to the motion for attorney fees, plaintiffs contended they thought they had achieved their litigation objective because Papavassiliou appeared ready to repair their property. The trial court found this claim not credible, since Kevin was already concerned at the time he filed his dismissal that Papavassiliou's conduct was a sham, and he filed his federal lawsuit only a week later. Because this finding is supported by substantial evidence, we must accept it as correct.

Even if that were not the case, plaintiffs' contention is contradicted by the complaint, which, as noted, seeks only monetary relief. Although Civil Code section 1942.4, subdivision (c) permits a court to order abatement of substandard conditions, plaintiffs' cause of action under section 1942.4 makes no reference to such relief. In any event, as the trial court noted, to the extent plaintiffs mistakenly dismissed while believing Papavassiliou was acting in good faith, *Salehi* suggests they must live with the consequences of their mistake.

In this court, plaintiffs contend they achieved their litigation objectives because the filing of their lawsuit caused Papavassiliou to stop insisting on the payment of rent, as prohibited by Civil Code section 1942.4. Plaintiffs waived this argument when they failed to present it to the trial court. (See, e.g., *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 912 (*Zimmerman*) [a reviewing court will ordinarily not consider claims made for the first time on appeal].)

Plaintiffs have moved for judicial notice of various documents, contending, among other arguments, they demonstrate Papavassiliou dismissed an unlawful detainer action as a result of their filing of this action. While we grant the motion and take judicial notice of the documents, they do not change our decision. Plaintiffs were required to present the evidence and arguments about the factual issue of their motive for dismissing to the trial court. (*Zimmerman, supra,* 183 Cal.App.4th at p. 912.) The issue cannot be relitigated on appeal.[3]

---

[3] We note, however, that among the documents in the motion for judicial notice is a first amended complaint in a new state action containing virtually identical claims to those in the dismissed action. There can hardly be a better indication that plaintiffs failed

Plaintiffs also argue the trial court erred in setting the amount of attorney fees because it failed to take into account their financial circumstances. There is legal authority for their position that a plaintiff's financial condition can be considered by the trial court in setting the amount of an award of statutory attorney fees. (See, e.g., *Garcia v. Santana* (2009) 174 Cal.App.4th 464, 476–477.) Plaintiffs waived this argument, however, when they failed to raise or support it in the trial court. (*Zimmerman, supra,* 183 Cal.App.4th at p. 912.) Their opposition to the attorney fees motion does not seek a reduction of the award on this basis, and their accompanying declarations contain no information about their financial condition. Even if the issue had been raised, any such reduction of the award would have been without evidentiary support because plaintiffs failed to present any evidence of their financial condition to the trial court.

### III. DISPOSITION

The judgment of the trial court is affirmed.

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Sepulveda, J.[*]

---

to achieve their litigation objectives in this action than their refiling of the same claims in a new action. Had their objectives been met, there would be no need for them to refile.

[*] Retired Associate Justice of the Court of Appeal, First Appellate District assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.