Filed 8/22/16  Marriage of Valdez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of VIRGINIA and CESAR VALDEZ.

VIRGINIA VALDEZ,

      Appellant,

v.

CESAR VALDEZ, JR.,

      Respondent.

E064773

(Super.Ct.No. IND1101587)

OPINION

APPEAL from the Superior Court of Riverside County.  Mickie Elaine Reed, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Sheila A. Williams for Appellant.

Law Offices of Peter R. Cabrera and Peter R. Cabrera for Respondent.

Petitioner and appellant Virginia Valdez appeals an order denying her temporary spousal support.  The order was based on Virginia's conviction for assault with a deadly weapon with an enhancing allegation that she personally inflicted great bodily injury on

1

her estranged husband, Cesar, under circumstances involving domestic violence.[1] She contends that it was an abuse of discretion to deny her request for temporary support. We disagree, and we will affirm the order.[2]

## BACKGROUND

The parties were married on August 26, 1979, and separated on August 3, 2011. Virginia filed a petition for dissolution of marriage on September 8, 2011, and filed an amended petition on November 22, 2011. On December 3, 2011, Virginia attempted to cut off Cesar's penis, resulting in criminal charges for one count of infliction of corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)) and one count of assault with a deadly weapon other than a firearm or by means of force likely to result in great bodily injury (Pen. Code, § 245, subd. (a)(1)). Both counts carried an enhancing allegation that Virginia inflicted great bodily injury on her spouse under circumstances involving domestic violence in the commission of a felony, within the meaning of Penal Code section 12022.7, subdivision (e). A criminal protective order requiring Virginia to have no contact with Cesar was issued on January 31, 2012.

On December 12, 2014, Virginia pled guilty to the assault charge and admitted the domestic violence enhancing allegation. The corporal injury to a spouse charge was dismissed. On January 23, 2015, she was placed on probation for 36 months.

---

[1] As is customary in family law cases, we refer to the parties by their first names, for clarity and simplicity. No disrespect is intended.

[2] An order involving temporary spousal support is appealable. (*In re Marriage of Samson* (2011) 197 Cal.App.4th 23, 26, fn. 2.)

2

On July 14, 2015, Virginia filed a request for temporary spousal support. On August 19, 2015, the trial court denied the request. The order was entered on October 2, 2015, and on November 3, 2015, Virginia filed a timely notice of appeal.

## LEGAL ANALYSIS

### 1.

### VIRGINIA'S CONVICTION WAS FOR "AN ACT OF DOMESTIC VIOLENCE" WITHIN THE MEANING OF FAMILY CODE SECTION 4325

Family Code section 4325 provides:

"(a) In any proceeding for dissolution of marriage where there is a criminal conviction for an act of domestic violence perpetrated by one spouse against the other spouse entered by the court within five years prior to the filing of the dissolution proceeding, or at any time thereafter, there shall be a rebuttable presumption affecting the burden of proof that any award of temporary or permanent spousal support to the abusive spouse otherwise awardable pursuant to the standards of this part should not be made.

"(b) The court may consider documented evidence of a convicted spouse's history as a victim of domestic violence, as defined in Section 6211, perpetrated by the other spouse, or any other factors the court deems just and equitable, as conditions for rebutting this presumption.

"(c) The rebuttable presumption created in this section may be rebutted by a preponderance of the evidence."

3

Virginia contends that the trial court abused its discretion by denying her request for temporary spousal support.  She contends that the court erred in concluding that assault with a deadly weapon is a crime of domestic violence.  However, although denying or granting temporary spousal support is a matter within the trial court's discretion (*In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 906), the determination whether a conviction is for "an act of domestic violence" within the meaning of Family Code section 4325 is a question of law, if the relevant facts are undisputed.  (*International Engine Parts*, *Inc*. *v. Feddersen & Co*. (1995) 9 Cal.4th 606, 611.)  Here, the relevant facts are not in dispute:  About three months after filing for dissolution of the marriage, Virginia committed an act of assault with great bodily injury on her estranged husband.  Accordingly, we determine independently whether the crime comes within the provisions of Family Code section 4325 so as to create the rebuttable presumption.

Virginia is correct that assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1), is not necessarily a crime involving domestic violence, in that it does not specify that the victim must have any particular status or relationship to the defendant.  However, for purposes of Family Code section 4325, the question is not whether the spouse committed a "crime of domestic violence" but whether he or she was convicted of an "act of domestic violence" against the other spouse.  (Fam. Code, § 4325, subd. (a).)  Virginia's admission that she personally inflicted bodily injury on Cesar within the meaning of Penal Code section 12022.7, subdivision (e), brings the assault within the provisions of Family Code section 4325.  Penal Code section 12022.7,

4

subdivision (e), provides: "Any person who personally inflicts great bodily injury under circumstances involving domestic violence in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three, four, or five years. As used in this subdivision, 'domestic violence' has the meaning provided in subdivision (b) of Section 13700." As pertinent here, Penal Code section 13700, subdivision (b), provides: "'Domestic violence' means abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship." Accordingly, Virginia's offense qualifies as "an act of domestic violence perpetrated by one spouse against the other spouse," pursuant to Family Code section 4325, subdivision (a).

Virginia next contends that the court abused its discretion because it "used the terms of [her] probation, and not the actual crime convicted of" as the basis for denying her request for support. The basis of this contention is the trial court's statement that Virginia's probation contained "DV" terms, and that if any crime has "DV" terms attached, that renders it a domestic violence crime conviction. However, the court later said, "This was a conviction for an act of domestic violence which implicates the presumption." Accordingly, the court correctly determined that Virginia's conviction was for an act of domestic violence within the meaning of Family Code section 4325, subdivision (a).

2.

VIRGINIA HAS NOT SHOWN THAT THE COURT ABUSED ITS DISCRETION BY FINDING THAT SHE DID NOT REBUT THE PRESUMPTION

Family Code section 4325, subdivision (b), provides: "The court may consider documented evidence of a convicted spouse's history as a victim of domestic violence, as defined in Section 6211, perpetrated by the other spouse, or any other factors the court deems just and equitable, as conditions for rebutting this presumption."

Virginia contends that she rebutted the presumption. We disagree. The factors Virginia presented to the trial court to rebut the presumption were that she was 73 years old and was unemployed and unlikely to be able to find employment because she had lost her nursing license as a result of the felony conviction. Her attorney also explained that Virginia's criminal attorney made an agreement for her to plead guilty to the assault charge rather than the charge of corporal injury to a spouse precisely in order to avoid the domestic violence presumption provided for in Family Code section 4325. The court responded that it understood Virginia's financial situation, but said that many of Virginia's expenses were related to the criminal conviction and that Cesar should not have to subsidize that. The court referred to the public policy principle that a victim of domestic abuse should not have to subsidize the person who had abused him or her. (See *In re Marriage of Kelkar* (2014) 229 Cal.App.4th 833, 841-842.) The court then said it would "have to" deny the motion.

Even if the court arguably could have relied on the factors Virginia asserted to deem the presumption rebutted, Virginia makes no persuasive argument as to why it was

an abuse of discretion not to do so. In reviewing the exercise of discretion for abuse, we consider whether or not the trial court "exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.) The burden is on the complaining party to establish abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.) The showing on appeal is insufficient if it presents a state of facts that affords only an opportunity for a difference of opinion. (*In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 230.) Here, the trial court clearly did not exceed the bounds of reason by finding Virginia's circumstances insufficient to outweigh the public policy underlying the presumption.[3]

---

[3] In her reply brief, Virginia argues that the court failed to give her the opportunity to rebut the presumption by presenting evidence of Cesar's domestic violence against her. We do not ordinarily address an issue raised for the first time in a reply brief because doing so deprives the opposing party of the opportunity to respond. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.) Accordingly, we will not address the merits of this contention. We note, however, that the court did give Virginia the opportunity to address it personally. Virginia informed the court that her husband had given her sexually transmitted diseases and that she "was raped in the most horrible manner." She stated that she had assaulted him to defend herself. She did not, however, state that she had any documentation that she had been abused, as required by Family Code section 4325, subdivision (b).

## DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER _____
J.

We concur:


RAMIREZ _____
P. J.


HOLLENHORST _____
J.

8