[No. A088104. First Dist., Div. Two. July 19, 2000.]

CHERYL OLSON KENDRICK et al., Plaintiffs and Appellants, v.
CITY OF EUREKA et al., Defendants and Respondents.

**COUNSEL**

Law Office of Thomas Dewey Easton and Tom Easton for Plaintiffs and Appellants.

Mitchell, Brisso, Delaney & Vrieze, John M. Vrieze, William F. Mitchell for Defendants and Respondents County of Humboldt, Sheriff Dennis Lewis, Dave Renner and Correctional Officers Gooch, Beckel, Hayes, Ross and Sintic.

Roberts, Hill, Bragg, Angell & Perlman, Donald B. Roberts and Lisa A. Russ for Defendants and Respondents Joe Krzemi and John Anderson.

## OPINION

### RUVOLO, J.—

#### INTRODUCTION

Appellants appeal from the dismissal of their action after respondents' demurrer was sustained on the ground that the one-year statute of limitations set forth in Code of Civil Procedure section 340, subdivision (3), had expired. Appellants argue that the statute of limitations was tolled by United States Code title 28, section 1367(d), while their claims were pending in federal court. They maintain that the trial court erred in concluding that section 1367(d) did not continue to toll the statute of limitations while they pursued a writ of certiorari in the United States Supreme Court. We conclude that section 1367(d) continues to toll the state statute of limitations during the federal appeal period provided as a matter of statutory right, but tolling ceases once the district court decision is affirmed by the federal appellate court. The state statute is unaffected by a later filing of a petition for writ of certiorari with the United States Supreme Court. Because appellants failed to file their state complaint within 30 days of the federal Court of Appeals's affirmance of the district court, their claims are untimely, and the trial court's dismissal is affirmed.

#### FACTUAL AND PROCEDURAL HISTORY

Appellants Cheryl Olson Kendrick, Jack Riley, Marcella Riley, Robert Walker, Diane Matus, and Beverly J. Cope are various relatives of four individuals who died or were fatally injured while being detained at the Humboldt County Jail. Appellants allege that these deaths were caused by the mistreatment of the decedents by law enforcement officers, inappropriate facilities for mentally ill individuals, and/or a lack of adequate medical care. The latest incident that forms a basis for these claims allegedly occurred on January 7, 1995. Appellants initially filed an action in the United States District Court, Northern District of California on February 6, 1995, seeking damages for wrongful death and violations of the decedents' due process rights. Appellants' action included both federal claims and supplemental state claims.

After appellants amended their complaint twice and the parties conducted discovery, both sides filed for summary judgment. The district court granted

partial summary judgment in favor of respondents, City of Eureka, Humboldt County, and various city and county employees. After additional discovery was conducted, respondents again moved for summary judgment. This time, the district court granted respondents' motion for summary judgment as to all of appellants' federal claims. Finally, in an order dated June 10, 1997, the court declined to exercise its supplemental jurisdiction and dismissed appellants' state law claims without prejudice.

Appellants filed a timely notice of appeal from this last order on July 10, 1997. The Ninth Circuit Court of Appeals affirmed the district court's decision, denied appellants' motion for a rehearing en banc, and denied appellants' motion for a stay of mandate pending their petition for a writ of certiorari to the United States Supreme Court. The judgment affirming the district court's dismissal was filed on June 12, 1998.

Appellants then filed a petition for a writ of certiorari with the United States Supreme Court on October 20, 1998, 130 days after the Ninth Circuit's final judgment was filed.[1] By letter dated February 22, 1999, the Supreme Court notified the parties that the petition had been denied.

Thereafter, on March 15, 1999, appellants filed a complaint in the Humboldt County Superior Court asserting the state law claims that the federal court had earlier dismissed without prejudice. Respondents demurred on the ground that the one-year statute of limitations set forth in Code of Civil Procedure section 340, subdivision (3) had run on all of appellants' claims. In an order dated May 14, 1999, the trial court sustained respondents' demurrer without leave to amend, and in a judgment signed on June 16, 1999, dismissed appellants' claims. This appeal followed.

### DISCUSSION

■ "A demurrer tests the legal sufficiency of the complaint, . . ." (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497 [57 Cal.Rptr.2d 406].) Where a complaint shows on its face that the action is barred by the statute of limitations, a general demurrer for failure to state a cause of action will lie. (See *Moseley v. Abrams* (1985) 170 Cal.App.3d 355, 358 [216 Cal.Rptr. 40]; *Childs v. State of California* (1983) 144 Cal.App.3d

---

[1]Appellants' time to file a petition for a writ of certiorari with the United States Supreme Court began running from the June 12, 1998 entry of judgment. (U.S. Supreme Ct. Rules, rule 13(3) ["The time to file a petition . . . runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . ."].) This time period was not tolled either by appellants' motion for a rehearing en banc or their motion for a stay of mandate. (U.S. Supreme Ct. Rules, rule 13(3); *Missouri v. Jenkins* (1990) 495 U.S. 33, 45-47 [110 S.Ct. 1651, 1660-1661, 109 L.Ed.2d 31].)

155, 160-161 [192 Cal.Rptr. 526]). ■ A trial court's decision to dismiss a case after sustaining a general demurrer is based predominantly on a question of law. (*Smiley v. Citibank* (1995) 11 Cal.4th 138, 145-146 [44 Cal.Rptr.2d 441, 900 P.2d 690].) The trial court's ruling is, therefore, subject to de novo review, meaning that we independently exercise our judgment about whether the complaint properly states a cause of action. (*Id.* at p. 146; *Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790 [90 Cal.Rptr.2d 598].)

■ The parties appear to agree that the one-year time period set out in Code of Civil Procedure section 340, subdivision (3) is the statute of limitations applicable to appellants' state law claims. Consequently, since the latest incident that forms a basis for appellants' complaint occurred on January 7, 1995, and the complaint was filed on March 15, 1999, appellants' claims would clearly be barred unless the limitations period is tolled. Appellants claim that the statute of limitations was tolled by 28 United States Code section 1367(d).

In cases where a federal district court has original jurisdiction, 28 United States Code section 1367(a) grants the court supplemental jurisdiction over any state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The same statute allows district courts to decline to exercise supplemental jurisdiction if, among other things, "the district court has dismissed all claims over which it has original jurisdiction . . . ." (28 U.S.C. § 1367(c)(3).) When federal courts decline to exercise supplemental jurisdiction, a claimant is relegated to pursuing these state law claims in state court.

Depending upon the length of the antecedent federal court proceedings, a claimant filing a state court action following a federal court dismissal may face a state statute of limitations bar. Recognizing this problem, Congress expressly provided for a period of tolling of any applicable state limitations periods in 28 United States Code section 1367(d): "The period of limitations for any claim asserted [supplementally] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

By this appeal, appellants ask us to decide an issue they claim is not addressed by the plain language of the section: Does the 30-day grace period begin to run once the claim is dismissed in the district court, or does the statute continue to toll the limitations period while the plaintiff pursues an appeal in the federal Court of Appeals, and until either the filing period for

a petition of certiorari with the United States Supreme Court has expired or until such a petition, if filed, has been denied? We conclude that the tolling provision of 28 United States Code section 1367(d) includes the time during which a federal appeal with the Court of Appeals is pursued, and the 30-day grace period commences once the judgment of dismissal is affirmed by that court. This tolling is not extended by the later filing of a petition for writ of certiorari with the United States Supreme Court. Because appellants failed to file their action in state court before the 30-day grace period specified by the statute expired, their state claims are barred by California's one-year limitations period.

As noted above, 28 United States Code section 1367(d) only acts to toll state statutes of limitations "while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period." (28 U.S.C. § 1367(d).) Appellants are not arguing that some aspect of California law provides them with a longer tolling period.[2] Instead, appellants rest their argument entirely on the premise that section 1367(d) continuously tolled California's one-year statute of limitations until the time the United States Supreme Court denied their petition for a writ of certiorari on February 22, 1999. Appellants essentially argue that their claims continued to be "pending" during the entire period of time until the Supreme Court denied their petition.

Federal courts have not yet interpreted the word "pending" as it is used in 28 United States Code section 1367(d). They have, however, interpreted the word "pending" in a variety of other contexts. In those decisions, claims have been considered still "pending" up until the time a judgment has become final "by the running of the time during which an appeal may be taken or the entry of a final judgment on appeal." (*Burnett v. New York Central R. Co.* (1965) 380 U.S. 424, 435 [85 S.Ct. 1050, 1058, 13 L.Ed.2d 941], fn. omitted [establishing a federal equitable tolling doctrine]; *Russ Togs, Inc. v. Grinnell Corporation* (2d Cir. 1970) 426 F.2d 850, 857 [interpreting the word "pendency" in a tolling provision of the Clayton Act, 15 U.S.C. § 16(i), to include the time available for an appeal].)

Using similar definitions of "pending" a majority of state courts have concluded that state savings statutes, analogous to section 1367(d), continue to toll state statutes of limitations through a Court of Appeals decision.

---

[2]Unlike several other jurisdictions, California has no statute providing for a longer tolling period. (*Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 410 [75 Cal.Rptr.2d 257].) California decisional law does provide for equitable tolling, which, in extraordinary circumstances, might arguably be used to extend the tolling period. (See *Kolani, supra,* at p. 411.) Appellants, however, have specifically chosen not to make an equitable tolling argument here and, in any event, it would not have helped them in these circumstances.

(*Grider v. USX Corp.* (1993) 1993 Okla. 13 [847 P.2d 779, 784] ["An overwhelming majority of jurisdictions agree . . . that the time of commencement of the savings provisions is the date the judgment is decided on appeal, not the date of determination in the trial court. [Citations.]"]; see also Annot. (1961) 79 A.L.R.2d 1270, 1276-1281, § 5 [collecting cases].) Consistent with this history, the few courts that have directly interpreted section 1367(d) have held that it continues to toll state limitations periods until a Federal Court of Appeal has decided the case. (See *Huang v. Ziko* (1999) 132 N.C.App. 358 [511 S.E.2d 305, 308]; *Lucas v. Muro Pharmaceutical, Inc.* (Mass. Super.Ct. 1994) 3 Mass. L.Rptr. 113 [1994 WL 878820, *3].)[3]

Aiding in this analysis is the fact that appeals from final judgments entered in district courts are directly appealable as a matter of right to the corresponding United States Court of Appeals for the Federal Circuit. (28 U.S.C. § 1291; Fed. Rules App.Proc., rule 3(a), 28 U.S.C.; *Deposit Guaranty Nat. Bank v. Roper* (1980) 445 U.S. 326, 333 [100 S.Ct. 1166, 1171, 63 L.Ed.2d 427].) Appeals to the appropriate court of appeals must be taken within 30 days of entry of judgment by the district court being reviewed. (Fed. Rules App.Proc., rule 4(a)(1), 28 U.S.C.)

What emerges from these statutes and decisions is the consensus view that a matter remains "pending" in the federal court system, at least arguably through appeal to the courts of appeals afforded as a matter of statutory right. But there is no such consensus as it relates to the effect of the certiorari procedure on the federal tolling statute. Two state courts have considered this issue, inferentially at least, and have reached different conclusions. (Compare *Grider v. USX Corp.*, *supra*, 847 P.2d at pp. 783-785 [holding that the grace period allowed by an Oklahoma savings statute does not begin to run until after a decision is made by the United States Supreme Court] with *Clark v. Velsicol Chemical Corp.* (1993) 110 N.C.App. 803 [431 S.E.2d 227, 229-230] [holding that a North Carolina savings statute does not continue to toll the limitations period while a petition for a writ of certiorari is pending].)

We are not persuaded that the term "pending" in 28 United States Code section 1367(d) can properly be interpreted to include the time period encompassed by the certiorari procedure. Unlike court of appeals review,

---

[3]Since California has no similar savings provisions, there are no court decisions addressing this issue. We note, however, that a matter is generally considered "pending" under state law from the time of filing the complaint until its "final determination" on appeal. (Code Civ. Proc., § 1049.) On the other hand, in at least some contexts, judgments are considered final although still being contested on appeal. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 303-305 [63 Cal.Rptr.2d 74, 935 P.2d 781].)

normally[4] appeals to the United States Supreme Court are not afforded as a matter of right, but are completely discretionary with that body. (28 U.S.C. § 1254; U.S. Supreme Ct. Rules, rule 10, 28 U.S.C.). Furthermore, the time within which a party must file a petition of certiorari seeking this discretionary review by the Supreme Court is 90 days. (28 U.S.C § 2101(c)). Even this 90-day period is subject to an additional 60-day extension upon order of a justice of the Supreme Court. (*Ibid.*) It is illogical at least to argue the 30-day grace period which expired after a federal Court of Appeals's affirmance is somehow extended or revived by the filing of a petition with the United States Supreme Court several months later. In contrast, perfecting an appeal with the Court of Appeals must take place within 30 days of the district court's dismissal, a time period entirely consistent with section 1367(d)'s 30-day grace period.

Perhaps most importantly, a petition for a writ of certiorari to the United States Supreme Court does not affect the finality of the judgment below nor does it act to stay the mandate of the court below. (*Glick v. Ballentine Produce, Inc.* (8th Cir. 1968) 397 F.2d 590, 594; *United States v. Eisner* (6th Cir. 1963) 323 F.2d 38, 42; *In re Christy L.* (1986) 187 Cal.App.3d 753, 759 [232 Cal.Rptr. 184].) Indeed, a denial of a petition has no significance with respect to the judgment, nor does it constitute an adjudication of anything. (*United States v. Carver* (1923) 260 U.S. 482, 490 [43 S.Ct. 181, 182, 67 L.Ed. 361]; *Graeber v. Rhay* (9th Cir. 1958) 256 F.2d 556, cert. den. (1958) 358 U.S. 857 [79 S.Ct. 77, 3 L.Ed.2d 91].)

For these reasons, we conclude that, *at a maximum*, appellants were required to file their state law claims in state court within 30 days of the Ninth Circuit's judgment affirming the district court's dismissal. Their failure to do so is fatal to those claims.

Appellants argue "they should not be forced to forfeit their pendant state claims because of a conflict of rules and/or an uncharted area of the law has been reached." However, appellants were given ample express warning that the state statute of limitations might preclude their state claims if they did not file them as soon as 30 days after their claims were dismissed by the district court. For example, the practice commentary accompanying 28 United States Code section 1367 in the United States Annotated Code specifically advised appellants to file their state law claims 30 days after the district court's dismissal. (Practice Commentary, 28 U.S.C.A. (1993) foll. § 1367, pp. 829, 836 ["The dismissal moment should be taken to be the moment of dismissal in the district court. Even if an appeal is taken to a

---

[4]There are certain categories of appeals, not relevant here, for which the Supreme Court has original appellate jurisdiction.

court of appeals . . . the party whose claim has been dismissed . . . does best to commence the state action within the prescribed time measured from the district court dismissal . . . ."].)

Furthermore, in its decision declining to exercise supplemental jurisdiction, the district court expressly pointed out to appellants' counsel the uncertainty regarding whether 28 United States Code section 1367(d) continues to toll the limitations period for state claims during an appeal. Though the court noted that there was good reason to suspect that section 1367(d) might continue to toll the state statute of limitations through a court of appeals decision, the court also noted that there was no California or Ninth Circuit authority on point. As a result, the court specifically admonished appellants' counsel to "address for himself the risk of the statute not tolling the state law claims."

Appellants, therefore, knew there was a risk they would lose their state law claims to the statute of limitations if they did not file them within 30 days of the district court's dismissal, or at best, within the 30-day grace period after the dismissal was affirmed. In spite of this, not only did appellants accept the risk in guessing that 28 United States Code section 1367(d) applied to the federal appeals period, but after the Ninth Circuit Court of Appeals affirmed the district court's dismissal of their case, appellants allowed the 30-day grace period to lapse and did not file their petition for a writ of certiorari for 130 days. On this record we see no basis for appellants to now claim an estoppel or inequity in enforcing the one-year California statute of limitations.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

Haerle, Acting P. J., and Lambden, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 3, 2000.