GLD-061                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2603
_____

THORNTON D. SAVAGE, III,
                                                  Appellant

v.

ALEX BONAVITACOLA; LOUISE MASCILLI;
JANET FASY DOWDS; LYNNE ABRAHAM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-0016)
District Judge:  Thomas N. O'Neill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2010
Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: December 15, 2010 )
_____

OPINION
_____

PER CURIAM

    Appellant Thornton Savage appeals from the District Court's order refusing to

permit him to file a motion under Rule 60(b) of Federal Rules of Civil Procedure, and

from the Court's subsequent order denying his motion for reconsideration under Rule

59(e). We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's orders for abuse of discretion. See Tai Van Le v. Univ. of Pa., 321 F.3d 403, 406 (3d Cir. 2003) (order denying Rule 59(e) motion); Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990) (order barring further litigation). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

A recitation of Savage's history of filings helps put the relevant orders in context. In 2003, Savage instituted this pro se civil rights action under 42 U.S.C. § 1983. After some preliminary proceedings not pertinent here, the District Court granted summary judgment to the defendants based on its conclusion that Savage's claims were barred by the statute of limitations. Savage appealed the District Court's judgment, and we affirmed.

At this point, Savage began to file a flurry of motions under Rules 59 and 60 in the District Court. Savage filed one Rule 60(b) motion on June 10, 2007, arguing that the District Court should have equitably tolled the statute of limitations, and another on August 28, 2007, arguing that his complaint was timely because the due process violation he alleged was ongoing. The District Court denied these motions on November 29, 2007, and Savage responded with a Rule 59(e) motion reiterating his statute-of-limitations arguments. The District Court denied that motion and provided in its order that "[t]he Clerk of Court is directed not to accept additional filings from plaintiff in this case unless leave of court is granted to plaintiff."

Savage appealed the District Court's order denying his Rule 60(b) motions to this

2

Court, and we again affirmed. We noted the repetitiousness of Savage's motions, holding that "Savage's wish to . . . relitigate an issue already decided and affirmed on appeal neither implicates the validity of the District Court's underlying order nor constitutes an extraordinary circumstance justifying relief."

Undeterred by our order, Savage filed a Rule 60(b) motion in the District Court, arguing that "there was a genuine issue of material fact as to when Plaintiff's Section 1983 claim accrued," and that the District Court thus erred in granting judgment to the defendants. The District Court denied the motion, and reminded the clerk that it should not accept future filings from Savage absent leave of court. Savage then filed a petition seeking leave to file another Rule 60(b) motion, contending that the District Court had incorrectly determined his claim's accrual date in applying the statute of limitations. The District Court denied the petition. Savage filed a Rule 59(e) motion to reconsider that order, and the District Court denied that motion, too. Savage then filed this appeal.

As this lengthy procedural history reveals, Savage has filed repeated motions seeking to undermine the District Court's conclusion that his claims are barred by the statute of limitations — despite the fact that we have already twice affirmed the District Court's ruling on that issue. We conclude that the District Court did not err in refusing to permit Savage to file another Rule 60(b) motion concerning the same subject (or in declining to reconsider that refusal). We have explained that "a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." Chipps v. U.S. Dist. Court for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). When faced with Savage's recurrent filings, the District Court acted

3

appropriately in fashioning a narrow order that restricted his ability to file futile motions in this case. While this order should have been preceded by notice to Savage, see Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987), we nevertheless affirm the District Court's orders for two related reasons.

First, since the District Court entered the order requiring Savage to obtain permission before filing additional motions, Savage has submitted numerous documents, both to the District Court and to this Court, but has neither challenged that order nor suggested that he has some basis to do so. Indeed, even in his Rule 59 motion, he did not contest the District Court's order limiting his ability to file additional motions; he merely argued that the Court's statute-of-limitations decision was wrong. Thus, Savage has failed to show that the lack of notice harmed him. Cf. United States v. Deninno, 103 F.3d 82, 86 (10th Cir. 1996) (concluding that faulty notice before forfeiture was harmless because party "fail[ed] to offer any reason why the property at issue [was] not subject to forfeiture"); United States v. Hardy, 52 F.3d 147, 150 (7th Cir. 1995) (any lack of notice of possibility of enhanced sentence was harmless because defendant did not contest predicate convictions justifying that enhancement).

Second, the Rule 60(b) motion Savage sought to present plainly lacks merit. The motion, as described both in Savage's petition seeking permission to file it and his subsequent Rule 59 motion, would challenge this Court's and the District Court's rulings that his complaint was barred by the statute of limitations. However, a Rule 60(b) motion cannot be used to raise issues that could have been (or actually were) raised on appeal. See Reform Party of Allegheny County v. Allegheny County Dept. of Elections, 174 F.3d

4

305, 312 (3d Cir. 1999). Similarly, "[i]f a court determines that the second Rule 60(b) motion is based on the same grounds as the first, the district court may deny the second motion on that ground." 12 James Wm. Moore, et al., Moore's Federal Practice § 60.69 (3d ed. 1997). Savage's putative Rule 60(b) motion was defective on both of these grounds. Consequently, even if the District Court had permitted Savage to file the Rule 60(b) motion, the Court would necessarily have denied it, and Savage was therefore not harmed by the Court's ruling. See Ford v. Alfaro, 785 F.2d 835, 839-840 (9th Cir. 1986) (district court's failure to afford notice and hearing before imposition of sanction was harmless because party failed to identify material evidence the sanction prevented him from presenting).

Accordingly, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's order denying Savage's Rule 59 motion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.