Filed 5/19/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LESLEY FELIZ et al., | |
| Plaintiffs and Appellants, | G060596 |
| v. | (Super. Ct. No. 30-2018-01039673) |
| THE COUNTY OF ORANGE et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment and an order of the Superior Court of Orange County, David A. Hoffer, Judge. Affirmed. Appellant's request for judicial notice is denied.

Law Office of Richard P. Herman and Richard P. Herman for Plaintiffs and Appellants.

Lynberg & Watkins, S. Frank Harrell and Jonathan C. Bond for Defendants and Respondents.

In 2010, Stephen Clevenger committed suicide in an Orange County jail. Lesley Feliz, guardian ad litem for Clevenger's daughter, then engaged in years of unsuccessful litigation in federal court against the County of Orange and Orange County Sheriff Sandra Hutchens (the County), in which she asserted both federal claims and a supplemental state law claim for wrongful death. After the Ninth Circuit affirmed the dismissal of her claims, rather than timely refile her state law claim in state court, Feliz embarked on a lengthy endeavor to vacate the judgment under rule 60(b)(6) of the Federal Rules of Civil Procedure (28 U.S.C.).[1] In December 2018, after the Ninth Circuit affirmed the district court's denial of her rule 60(b)(6) motion, Feliz filed this action in state court, asserting wrongful death and related claims against the County. The trial court dismissed Feliz's claims after sustaining a demurrer without leave to amend, concluding they were time-barred, among other grounds.

On appeal, Feliz invokes section 1367(d) of title 28 of the United States Code (section 1367(d)), which tolls the running of state statutes of limitations while supplemental state law claims remain pending in federal court, and argues its tolling period extended to the rule 60(b)(6) proceedings. Alternatively, she contends her claims were timely under the equitable tolling doctrine. As discussed below, we hold section 1367(d)'s tolling provision covered only Feliz's appeal from the district court's judgment and did not extend to the rule 60(b)(6) proceeding. We also conclude Feliz has not established entitlement to equitable tolling. Accordingly, we affirm.

FACTS

I. *Feliz's Federal Complaint and the Dismissal of Her State Law Claim*

Clevenger committed suicide in an Orange County jail in August 2010. Shortly thereafter, Feliz presented a monetary claim to the County under the Government

---

[1] All undesignated rule references are to the Federal Rules of Civil Procedure.

Claims Act (Gov. Code, § 900 et seq.), and the claim was subsequently rejected by operation of law. In November 2010, Feliz sued the County in federal district court, on behalf of Clevenger's estate and as his daughter's guardian ad litem, alleging claims under section 1983 of title 42 of the United States Code and a wrongful death claim under California state law. The district court granted summary judgment for the County on the federal claims, ruling neither Feliz nor the daughter had standing to assert them. The court also dismissed the wrongful death claim without prejudice, declining to exercise supplemental jurisdiction. Feliz appealed, and the Ninth Circuit reversed and remanded after concluding Clevenger's daughter had standing to assert one of the federal claims.

On remand, the district court again granted summary judgment for the County on the remaining federal claim. As before, the court declined to exercise supplemental jurisdiction over the wrongful death claim and dismissed it without prejudice. The court entered judgment in November 2014. Feliz appealed but did not independently challenge the court's decision to decline supplemental jurisdiction. The Ninth Circuit affirmed the judgment and issued its mandate in January 2017.

II. *The Rule 60(b)(6) Proceedings*

After the Ninth Circuit affirmed the judgment, Feliz filed a motion to vacate it under rule 60(b)(6), seeking to resurrect her federal law claim and asking the court to exercise supplemental jurisdiction over her state law claim.[2] The district court denied Feliz's motion, stating she presented "absolutely no ground justifying relief" and offered "no argument, let alone new argument, in favor of supplemental jurisdiction."

Feliz appealed from the denial of her motion, and the Ninth Circuit affirmed. In so doing, the court noted, inter alia, that Feliz "did not challenge the district court's decision to decline supplemental jurisdiction in her second appeal and has not

_____

[2] Although Feliz cited rule 60(b)(4) and (5), the district court noted that those grounds were irrelevant and construed her motion as one under rule 60(b)(6).

3

suggested that any extraordinary circumstances prevented her from doing so." The Ninth Circuit issued its mandate in December 2018.

III. *Feliz's State Court Action*

On December 19, 2018, shortly after issuance of the Ninth Circuit's mandate, Feliz filed a complaint against the County in state court. Following two successful demurrers by the County, Feliz filed her operative second amended complaint. She asserted claims for wrongful death, violation of the Tom Bane Civil Rights Act (Civ. Code, § 52.1), and unsafe condition of public property. In this complaint, Feliz asserted that her claims were timely under the doctrine of equitable tolling. The County demurred again, arguing, inter alia, that the claims were barred by the statute of limitations. Feliz contended that section 1367(d) rendered her claims timely because it tolled the statute of limitations until the Ninth Circuit affirmed the denial of her rule 60(b)(6) motion.

The trial court sustained the County's demurrer without leave to amend, determining, among other things, that Feliz's claims were time-barred. The court concluded section 1367(d) extended only to Feliz's appeal from the judgment and did not apply to her rule 60(b)(6) proceedings. This provision's tolling period was therefore insufficient to render her claims timely. The court also determined Feliz had not stated sufficient facts to warrant equitable tolling of her claim for unsafe condition of public property but did not expressly address the doctrine in the context of her other claims.

Feliz moved for relief under Code of Civil Procedure section 473, seeking leave to file a third amended complaint that corrected one of the dates stated in the second amended complaint.[3] The trial court denied the motion because, inter alia, its ruling did not depend on the erroneous date. Feliz timely appealed.

---

[3] Code of Civil Procedure section 473, subdivision (b), permits the trial court to grant relief from a judgment or order taken against a party through its "mistake, inadvertence, surprise, or excusable neglect."

4

DISCUSSION

On appeal, Feliz challenges the trial court's decision to sustain the demurrer to her operative complaint without leave to amend.[4] Among other things, she contends the statute of limitations did not bar her claims because either section 1367(d) or equitable tolling rendered her claims timely. As discussed below, we agree with the court that Feliz's claims were time-barred and therefore affirm.[5]

I. *Standard of Review*

"'A demurrer tests the legal sufficiency of the complaint, . . .' [Citation.] Where a complaint shows on its face that the action is barred by the statute of limitations, a general demurrer for failure to state a cause of action will lie." (*Kendrick v. City of Eureka* (2000) 82 Cal.App.4th 364, 367 (*Kendrick*).) We review the trial court's sustaining of a demurrer de novo and apply the abuse of discretion standard in reviewing the court's denial of leave to amend. (*Young v. Gannon* (2002) 97 Cal.App.4th 209, 220.) "On appeal from a judgment of dismissal following the sustaining of a demurrer without leave to amend, the appellant 'has the burden to show either the demurrer was sustained erroneously or that to sustain the demurrer without leave to amend constitutes

---

[4]    Although Feliz references Code of Civil Procedure section 473 in her opening brief, she presents no argument regarding the trial court's denial of her motion under that provision. Accordingly, she has forfeited any contention in that regard. (See *Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521 [party's failure to provide any analysis or citation to legal authority in support of "perfunctory" challenge forfeits claim on appeal].)

[5]    During oral argument, Feliz's counsel focused much of his argument on the merits of her claims and asserted Clevenger's suicide was a preventable tragedy. Given our conclusion regarding the timeliness of Feliz's claims, we need not consider their merits or Feliz's other assertions of error by the trial court. We agree, of course, that Clevenger's death was tragic but express no opinion as to whether it was preventable.

5

an abuse of discretion." (*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1829-1830.)

II. *Applicable Statute of Limitations*

Under Government Code section 945.6, subdivision (a), a plaintiff whose claim under the Government Claims Act has been denied may sue based on that claim (1) no later than six months after receiving written notice of the claim's rejection, or (2) within two years of the claim's accrual, if no such notice was given. (*Ibid.*) The parties do not address whether Feliz received written notice that her claim had been rejected by operation of law. However, it is undisputed that Feliz's claims would be barred under either of the two periods unless the running of the limitations period was tolled until the Ninth Circuit issued its mandate in the rule 60(b)(6) proceeding.

III. *Whether Section 1367(d) Applies to Rule 60(b)(6) Proceedings*

A. *General Principles*

1. *Section 1367(d)*

Title 28 United States Code section 1367(a) grants federal district courts "supplemental jurisdiction" over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." But if the federal court dismisses all claims over which it has original jurisdiction, it may decline to exercise this supplemental jurisdiction and dismiss the state law claims without prejudice. (28 U.S.C. § 1367(c)(3).) To prevent the risk that the applicable state statute of limitations would run on those claims while they are pending in federal court and preclude their refiling in state court, section 1367(d) establishes a tolling rule: "The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

6

The United States Supreme Court has explained that section 1367(d) is "conducive to the administration of justice" by "eliminat[ing] a serious impediment to access to the federal courts on the part of plaintiffs pursuing federal- and state-law claims . . . [citation]." (*Jinks v. Richland County* (2003) 538 U.S. 456, 463 (*Jinks*).)  Before the enactment of that provision, those plaintiffs had the following "unattractive options": (1) file a single federal court action and run the risk that the court would dismiss the state law claims after the expiration of the limitations period; (2) file a single state law action and abandon their right to a federal forum; or (3) file separate timely actions in federal and state court and ask that the state court litigation be stayed pending resolution of the federal case, with no guarantee that the state court would oblige.  (*Ibid.*)  "Section 1367(d) replaces this selection of inadequate choices with the assurance that state-law claims asserted under [title 28 United States Code section] 1367(a) will not become time-barred while pending in federal court."  (*Id.* at pp. 463-464.)

Although section 1367(d) does not define the term "pending," there is consensus in the case law that for purposes of this provision, a claim remains pending in the federal system through the appeal of the judgment to the federal court of appeals. (See, e.g., *Sales v. City of Tustin* (2021) 65 Cal.App.5th 265, 273 (*Sales*) ["section 1367(d)'s tolling provisions extend '"through appeal to the courts of appeals afforded as a matter of statutory right"'"]; *Turner v. Kight* (2008) 406 Md. 167 [957 A.2d 984, 996-997] (*Turner*) [§ 1367(d) suspends state statute of limitations "until 30 days after (1) a final judgment is entered by the U.S. District Court dismissing the pendant State-law claims, or (2) if an appeal is noted from that judgment, issuance of an order of the U.S. Court of Appeals dismissing the appeal or a mandate affirming the dismissal of those claims . . ."]; *Huang v. Ziko* (1999) 132 N.C.App. 358 [511 S.E.2d 305, 308] [similar].)  Federal precedent involving the pendency of claims in other contexts supports this construction of section 1367(d).  (See *Burnett v. New York Central R. Co.* (1965) 380

7

U.S. 424, 435 [where plaintiff began action under Federal Employers' Liability Act (45 U.S.C. § 51 et seq.) in state court, and case was dismissed for improper venue, the act's limitations period was tolled until state court's dismissal order became final by expiration of time to appeal or entry of final judgment on appeal]; *Russ Togs, Inc. v. Grinnell Corporation* (2d Cir. 1970) 426 F.2d 850, 857 ["'pendency'" of government antitrust enforcement action, which tolled statute of limitations, continued "until the expiration of the time to appeal from the final decree"].)

In *Turner*, Maryland's high court explained: "[T]he plaintiff, having chosen the Federal forum, must necessarily await the appellate ruling before knowing whether that forum is viable. As noted, if the tolling ends 30 days after dismissal of the pendant claims by the District Court, the plaintiff will be forced to file a protective action in State court and hope that the court will agree to stay proceedings until the Federal appeal is concluded. The State court, possibly faced with judicially or legislatively imposed time standards for disposing of cases, may be reluctant to do that . . .[,] thereby forcing both parties to litigate in both systems, with the troublesome prospect of inconsistent decisions. The Congressional intent was to avoid that dilemma, and the full implementation of that intent can be realized only by construing [section] 1367(d) to continue the tolling throughout the appellate process." (*Turner*, *supra*, 957 A.2d at p. 995.)

To our knowledge, no court has extended section 1367(d)'s tolling period beyond an appeal from the judgment to the federal court of appeals. In *Kendrick*, the Court of Appeal held that section 1367(d)'s tolling period "is not extended by the later filing of a petition for writ of certiorari with the United States Supreme Court." (*Kendrick*, *supra*, 82 Cal.App.4th at p. 369.) In reaching this conclusion, the court reasoned, inter alia, that unlike appeals to the federal courts of appeals, "appeals to the United States Supreme Court are not afforded as a matter of right, but are completely

discretionary with that body." (*Id.* at pp. 370-371.) And "[p]erhaps most importantly," a certiorari petition "does not affect the finality of the judgment below," does not "act to stay the mandate of the court below," "has no significance with respect to the judgment," and does not "constitute an adjudication of anything." (*Id.* at p. 371.)

2. *Rule 60(b)(6)*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." (*Gonzalez v. Crosby* (2005) 545 U.S. 524, 528 (*Gonzalez*).) "Rule 60(b)(6) . . . permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5). [Citations.]"[6] (*Id.* at p. 529.) A movant seeking relief under this rule must show "'extraordinary circumstances' justifying the reopening of a final judgment." (*Id.* at p. 535; accord, *Servants of Paraclete v. Does* (10th Cir. 2000) 204 F.3d 1005, 1009 [rule 60(b) relief is "'"extraordinary and may only be granted in exceptional circumstances"'"].) "[A] Rule 60(b) motion 'does not affect the [original] judgment's finality or suspend its operation.' [Citation.] And an appeal from the denial of Rule 60(b) relief 'does not bring up the underlying judgment for review.' [Citation.] Instead, that denial is appealed as 'a separate final order.' [Citation.]" (*Banister v. Davis* (2020) ___ U.S. ___ [140 S.Ct.

---

[6] Under rule 60(b)(1) through (5), a court may grant relief from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has vacated, or it is no longer equitable that the judgment should have prospective application. (*Ibid.*)

9

1698, 1710] (*Banister*).)[7] A motion under rule 60(b)(6) has no specific time limit—the rule requires only that it be filed "within a reasonable time." (Rule 60(c)(1).)

We are aware of no case deciding whether section 1367(d)'s tolling period extends to proceedings under rule 60(b). However, in *Twashakarris, Inc. v. I.N.S of U.S.* (10th Cir. 1989) 890 F.2d 236, 238 (*Twashakarris*), the court held that a rule 60(b) motion did not toll the statute of limitations under a similar Oklahoma statute. There, the federal district court dismissed the plaintiffs' action under Oklahoma law without prejudice because of a procedural defect. (*Twashakarris*, at p. 237.) The plaintiffs chose not to appeal but filed a motion under rule 60(b), which the court denied. Rather than filing a new complaint after curing the defect, the plaintiffs appealed the denial of their rule 60(b) motion, and the Tenth Circuit affirmed. Within one year of the Tenth Circuit's judgment (and about two years after the district court dismissed their action), the plaintiffs refiled their complaint. (*Twashakarris*, at p. 237.) The district court dismissed this second complaint because, by this time, the statute of limitations had run on their claims. (*Ibid.*)

On appeal, the plaintiffs argued their claims were timely under title 12, section 100 of the Oklahoma Statutes, which allowed a plaintiff whose timely filed "'action'" had been dismissed on procedural grounds to refile the action within one year of the dismissal. (*Twashakarris*, *supra*, 890 F.2d at p. 237.) They maintained the one-year period under this statute began running from the appellate decision in their rule 60(b) appeal. Rejecting this contention, the Tenth Circuit held that for purposes of the Oklahoma statute, "an 'action' includes the initial judgment and any validly filed appeals

_____

[7] As *Banister* acknowledged, a rule 60(b) motion filed within 28 days of the underlying judgment does suspend its finality so that the denial of the motion merges with the judgment on appeal, "[b]ut that is only because courts of appeals have long treated Rule 60(b) motions filed within 28 days as . . . Rule 59(e) motions [for reconsideration]." (*Banister*, *supra*, 140 S.Ct. at p. 1710, fn. 9.)

10

that suspend the finality of the judgment." (*Twashakarris*, at p. 237.) Because the plaintiffs' rule 60(b) motion did not "change the finality of the [district court's] judgment," the appeal of the motion's denial did not toll the running of the Oklahoma statute of limitations. (*Twashakarris*, at p. 238.)

B. *Analysis*

We conclude section 1367(d)'s tolling period does not extend to the duration of rule 60(b)(6) proceedings. The federal tolling provision applies during the pendency of the supplemental state law "claims" and provides for an additional 30 days of tolling after the claims' "dismissal." (§ 1367(d).) When those claims have been dismissed by a final judgment that either has been affirmed or was never challenged on appeal, they cannot be said to remain pending. (See *Kendrick*, *supra*, 82 Cal.App.4th at p. 369; *Twashakarris, supra*, 890 F.2d at pp. 237, 238.)

A rule 60(b)(6) motion neither preserves nor resurrects the pendency of state law claims for purposes of section 1367(d) because, like a certiorari petition, a motion under rule 60(b)(6) does not affect the finality of the claims' dismissal. (See *Banister*, *supra*, 140 S.Ct. at p. 1710; *Kendrick*, *supra*, 82 Cal.App.4th at p. 369; *Twashakarris*, *supra*, 890 F.2d at p. 238.) Indeed, the very purpose of a rule 60(b) motion is to seek "reopening" of a matter that is no longer pending. (*Gonzalez*, *supra*, 545 U.S. at p. 528). By the same token, the denial of a rule 60(b)(6) motion does not result in the "dismissal" of the state law claims—the point at which the 30-day period under the federal tolling provision begins. (§ 1367(d).) That dismissal, either affirmed or left unreviewed, has already occurred, and it is not reviewable on appeal from the denial of relief under rule 60(b)(6). (See *Banister*, *supra*, 140 S.Ct. at p. 1710.)

Moreover, where a federal district court dismisses a plaintiff's supplemental state law claims and the plaintiff then either prosecutes an unsuccessful appeal or chooses not to pursue an appeal, that plaintiff has received a full opportunity to

11

seek a federal forum, without allowing the state statute of limitation to run. The running of the statute of limitations after that stage, even while the plaintiff seeks extraordinary relief under rule 60(b), does not present the same "unattractive options" the Supreme Court discussed in *Jinks*, *supra*, 538 U.S. at page 463, or the "dilemma" the high court of Maryland discussed in *Turner*, *supra*, 957 A.2d at page 995. In particular, the risk of inconsistent rulings in the state and federal systems is greatly diminished under these circumstances because, as a general matter, the federal courts in rule 60(b)(6) proceedings do not decide the merits of the underlying claims, but merely whether the plaintiff has shown extraordinary circumstances justifying the reopening of the final judgment. (See *Gonzalez*, *supra*, 545 U.S. at p. 535.)

Finally, because rule 60(b)(6) imposes no specific time limit, litigants can at any time file a motion under this rule and attempt to show that it is timely because it was brought within a reasonable time under the circumstances. (See, e.g., *Olson v. Alaska Dept. of Natural Resources* (9th Cir. 2005) 154 Fed. Appx. 633, 634 [motion filed six years after dismissal of action was timely (but unmeritorious), if construed as motion under rule 60(b)(6)].) And particularly industrious litigants can and do file multiple rule 60(b) motions. (See, e.g., *Savage v. Bonavitacola* (3d Cir. 2010) 404 Fed. Appx. 568, 569 [plaintiff filed "flurry of motions" under rules 59(e) and 60(b), including after denial of prior motions was affirmed on appeal]; *Aziz v. University of Akron* (6th Cir. Aug 15, 2000, No. 99-4467) [2000 WL 1182466] [affirming denial of plaintiff's third rule 60(b)(6) motion].) Thus, stretching section 1367(d)'s tolling period to rule 60(b)(6) proceedings would leave state statutes of limitations at the mercies of persistent or

inventive litigants.[8]  (Cf. *Wilson v. Evanston Hosp.* (1995) 276 Ill.App.3d. [659 N.E.2d 99, 102] ["If the refiling time under [state tolling provision] were to begin when the motion to reconsider is denied, a plaintiff could indefinitely extend the limitations period by filing successive motions to reconsider, since the denial of each successive motion would begin another limitations period"].)  We do not believe that is what Congress intended in enacting this provision.

In support of her contention that section 1367(d) covers proceedings under Rule 60(b), Feliz points to this court's decision in *Sales*.  That case does not support her position.  In *Sales*, a panel of this court reversed the trial court's dismissal of claims as untimely because the trial court erroneously believed the 30-day period under section 1367(d) "began to run from the date of the federal district court's judgment, rather than after [the plaintiff]'s appeal to the Ninth Circuit." (*Sales*, *supra*, 65 Cal.App.5th at p. 268.)  As noted above, this court held that "section 1367(d)'s tolling provisions extend '"through appeal to the courts of appeals afforded as a matter of statutory right. [Citation.]"'" (*Ibid.*)  In a petition for rehearing, the defendant noted the plaintiff had actually appealed "from the district court's denial of her motion for reconsideration of the judgment." (*Id.* at p. 270, fn. 2.)  In response, this court observed the defendant cited no authority showing this fact made a difference and stated, "In any event, because the [defendant] did not raise or brief before its [rehearing petition] the distinction it now raises between appealing a district court's entry of judgment and appealing the court's

---

[8]  We observe that on that score, the argument for extension of section 1367(d) tolling to rule 60(b)(6) proceedings is even weaker than the argument for its extension to certiorari petitions, which *Kendrick* rejected.  Unlike a rule 60(b)(6) motion, the certiorari procedure is cabined in time—a petition must generally be filed within 90 days after the entry of the relevant judgment (28 U.S.C. § 2101(c))—and may be brought only once.

denial of a motion for reconsideration of the judgment, *we express no opinion on the subject*." (*Ibid.*, italics added.)

Feliz quotes *Sales*'s discussion of the defendant's petition for rehearing but misleadingly omits the court's conclusion.[9] She offers no other authority or reasoned argument to establish that section 1367(d) tolling should extend to proceedings under rule 60(b), and as discussed, we conclude it does not.

IV. *Whether Equitable Tolling Applied to Feliz's Rule 60(b)(6) Proceedings*

"Equitable tolling is a 'judicially created, nonstatutory doctrine' that "'suspend[s] or extend[s] a statute of limitations as necessary to ensure fundamental practicality and fairness."' [Citation.] The doctrine applies 'occasionally and in special situations' to 'soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.' [Citation.]" (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 719-720 (*Saint Francis*).)

"[E]quitable tolling today applies when three 'elements' are present: '[(1)] timely notice, and [(2)] lack of prejudice, to the defendant, and [(3)] reasonable and good faith conduct on the part of the plaintiff.' [Citation.] These requirements are designed to 'balanc[e] . . . the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the [operative] limitations statute.' [Citation.]" (*Saint Francis*, *supra*, 9 Cal.5th at pp. 724-725.) The party invoking equitable tolling bears the burden of proving its requirements. (*In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 912.)

One scenario in which a plaintiff may benefit from equitable tolling is where the plaintiff "pursues one of several available legal remedies, causing it to miss the statute of limitations for other remedies it later wishes to pursue." (*Saint Francis*, *supra*,

---

[9] We deny as unnecessary Feliz's request for judicial notice of the federal district court's docket in *Sales*.

14

9 Cal.5th at p. 725.)  In *Saint Francis*, our Supreme Court clarified that an alternative remedy need not be "viable" for equitable tolling to apply:  "pursuit of a remedy 'embarked upon in good faith, [yet] found to be defective for some reason,' doesn't foreclose a statute of limitations from being tolled."  (*Ibid.*)  Yet the party's effort must be "objectively reasonable," meaning that its actions must be "fair, proper, and sensible in light of the circumstances."  (*Id.* at p. 729.)  We review the application or denial of equitable tolling de novo.  (*Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1117.)

We conclude Feliz was not entitled to equitable tolling during her pursuit of rule 60(b)(6) relief.  Assuming arguendo that all other requirements were satisfied, we conclude Feliz's actions in initiating and prosecuting those proceedings were not objectively reasonable.  In asserting objective reasonableness, Feliz cites only her desire to keep her state law claims in federal court and asserts, "In the 5th Circuit the rule is all claims around in the Federal Court for a while, say six months or more, are not remanded to the State Courts."  Feliz cites no authority in support of this proposition and offers no other discussion of the reasonableness of her efforts in the rule 60(b)(6) proceedings, as is her burden.  (See *In re Marriage of Zimmerman*, *supra*, 183 Cal.App.4th at p. 912.)  Moreover, Feliz did not challenge the district court's decision to decline supplemental jurisdiction in her appeal from the district court's 2014 judgment, and instead sought to challenge that decision only in her rule 60(b) motion and the subsequent appeal.  Given Feliz's lack of diligence in arguing that her state law claims should remain in federal court, we cannot say her actions were either fair, proper, or sensible.  (See *Saint Francis*, *supra*, 9 Cal.5th at p. 729; *Hull v. Central Pathology Service Medical Clinic* (1994) 28 Cal.App.4th 1328, 1336 [equitable tolling did not apply because plaintiff failed to

15

diligently pursue relevant claims in prior action].)  Accordingly, Feliz cannot benefit from equitable tolling, and her claims were therefore untimely.[10]

## DISPOSITION

The trial court's judgment and its order denying Feliz's motion under Code of Civil Procedure section 473 are affirmed.  Respondents are awarded their costs on appeal.

O'LEARY, P. J.

WE CONCUR:

GOETHALS, J.

MOTOIKE, J.

---

[10]     Because Feliz makes no showing that she would be able to amend her complaint in a way that would render her claims timely, we find no abuse of discretion in the trial court's denial of leave to amend.  (See *Smith v. County of Kern*, *supra*, 20 Cal.App.4th at pp. 1829-1830.)

16