Filed 4/6/26  Rowan v. Dolphin Marina CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MONTY ROWAN et al., | B339422 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 23STCV27351) |
| v. | |
| DOLPHIN MARINA LTD et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stuart M. Rice, Judge.  Affirmed.

Law Office of Jonathan D. Winters and Jonathan D. Winters for Plaintiffs and Appellants.

Elkins Kalt Weintraub Reuben Gartside, Eric J. Lorenzini, Angela M. Butcher and Leanne Oates Vanecek for Defendants and Respondents.

—————————————

Plaintiffs and appellants Monty Rowan and Julie Searles, individually and on behalf of others similarly situated (collectively plaintiffs), appeal from an order granting a special motion to strike under Code of Civil Procedure section 425.15 (the anti-SLAPP statute) in favor of defendants and respondents Dolphin Marina, Ltd., GK Management Co., Inc., Goldrich & Kest Industries, LLC, Goldrich Kest Hirsh & Stern LLC, and Goldrich Kest LLC (collectively Dolphin Marina) in this action arising out of construction work and evictions at a rental property.[1]

On appeal, the plaintiffs raise several contentions. First, in their reply brief, they contend the public interest exception to the anti-SLAPP statute applies to this action. We conclude this contention has been forfeited by failing to properly raise it in the opening brief, and even were we to find it was not forfeited, the plaintiffs failed to establish the action meets the statutory criteria of the exemption.

The plaintiffs do not dispute that service of a three-day notice to pay rent or quit and filing an unlawful detainer action are generally considered protected activity under prong one of the anti-SLAPP analysis, but they contend they have shown a probability of prevailing on the merits of their claims under prong two of the anti-SLAPP analysis. Specifically, they contend: (1) the litigation privilege does not shield the conduct in this case

---

[1] SLAPP is an acronym for "strategic lawsuits against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57, fn. 1.) All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

because the County of Los Angeles COVID-19 Tenant Protections Resolution (the County Resolution; L.A. County Res., adopted March 31, 2020) has the effect of state law and created an exception to the litigation privilege; (2) the trial court erred by finding the Tenant Protection Act (TPA; Civ. Code, § 1946.2) does not apply to the rental property at issue; and (3) the trial court improperly excluded the plaintiffs' evidence demonstrating a probability of prevailing on the merits of their claims. We conclude the plaintiffs forfeited their contention about the nature of the County Resolution by failing to raise it in the trial court and failing to address the issue of forfeiture on appeal. It is clear from the plaintiffs' statements in their brief that the TPA does not apply to the rental property, as the trial court found. Because the litigation privilege applies to bar the plaintiffs' claims based on service of three-day notices and filing unlawful detainer actions, and because the TPA does not apply, we do not reach issues concerning the evidence on the merits of the claims and no error has been shown.

Lastly, the plaintiffs contend the order striking allegations from the complaint was overbroad, including claims based on unprotected activity. They do not, however, identify any line stricken from the complaint that is based on unprotected conduct. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Complaint and Related Cases

On August 15, 2018, Rowan and Searles entered into an agreement to rent a unit in an apartment complex in Marina del

3

Rey for a total monthly rent of $4,169. The landlord listed was Dolphin Marina and the property management company was GK Management Co., Inc.

On November 7, 2023, the plaintiffs filed a complaint against Dolphin Marina, GK Management Co. Inc., and Overland, Pacific & Cutler, LLC, alleging the following causes of action: (1) violation of Business and Professions Code section 17200, (2) injunctive relief, (3) declaratory relief, (4) appointment of a receiver, (5) breach of the implied warranty of habitability, (6) breach of the implied covenant of quiet enjoyment, (7) private nuisance, (8) public nuisance, (9) trespass, (10) premises liability, (11) constructive eviction, (12) intentional infliction of emotional distress, (13) general negligence, (14) negligence per se, (15) breach of contract, (16) breach of the implied covenant of good faith and fair dealing, (17) breach of the implied covenant to perform work competently, (18) strict liability for ultrahazardous activities, (19) fraud, (20) violation of the Los Angeles County Rent Stabilization and Tenant Protections Ordinance (RSTPO; Los Angeles County Code 8.52.010 et seq.), (21) elder abuse, (22) violation of the County Resolution, (23) violation of the TPA; and (24) retaliation/harassment.

The plaintiffs filed a notice of several related cases. They also filed several amendments to substitute defendants for Doe defendants, including F Roberts Construction, County of Los Angeles, and County of Los Angeles Department of Beaches and Harbors.

4

## B.    Anti-SLAPP Motion

On December 29, 2023, Dolphin Marina filed an anti-SLAPP motion seeking to strike specific paragraphs of the complaint.  Dolphin Marina argued that the challenged allegations were based on Dolphin Marina's filing of unlawful detainer actions and/or service of three-day notices to pay or quit, which were protected petitioning activity under the anti-SLAPP statute.  They argued that the challenged claims are barred by the litigation privilege, the plaintiffs could not show that they qualified for rent deferral under the County Resolution or that Dolphin Marina lacked a good faith basis for initiating an unlawful detainer action, and the TPA does not apply to the rental property in this case.

In support of the anti-SLAPP motion, Dolphin Marina filed a request for judicial notice of the Resolution and the Rent Stabilization and Tenant Protections chapter of the County of Los Angeles's Code of Ordinances.

On February 1, 2024, the trial court found the instant case was related to two other matters:  Andrew Wang v. Dolphin Marina, Ltd, et al. (case No. 23STCV25152; the Wang case) and Dewi Pramoedji et al. v. Dolphin Marina, Ltd, et al. (case No. 23STCV28613).  The court designated the Wang case as the lead case.  The court lifted stays in the related cases to allow Dolphin Marina to file comparable anti-SLAPP motions in those cases.

5

## C.    Opposition to Anti-SLAPP Motion

The plaintiffs filed an opposition to the anti-SLAPP motion. They argued that the substance of their complaint was for nuisance, habitability, harassment, and retaliation. They noted that after an inspection of one unit, the Los Angeles County Public Health Department had cited Dolphin Marina for multiple violations. They asserted the public interest exception to the anti-SLAPP statute applied.

Under the heading "Plaintiffs' Claims Are Not Barred By The Litigation Privilege," the plaintiffs simply provided two legal citations: "See [*Winslett v. 1811 27th Avenue, LLC* (2018)] 26 Cal.App.5th 239, 261 [(Winslett)] . . . [litigation privilege inapplicable to retaliation and just cause eviction ordinance], See [*Navellier*] *v. Sletten* (2003) 106 Cal.App.4th 763, 773−774 [(*Navellier II*)] [litigation privilege inapplicable to breach of contract cause of action]." The citation to *Winslett* was not in the proper format and *Navellier* was misspelled. Other than the parentheticals, the plaintiffs provided no explanation applying the reasoning of the cited cases to the instant case.

With respect to the TPA, the plaintiffs set forth the applicable provisions of Civil Code section 1946.2, including subdivision (g)(1)(B) stating that the section does not apply if the property is subject to a local ordinance adopted after September 1, 2019, that is more protective. The plaintiffs did not, however, analyze whether the RSTPO met the criteria set forth in the statute to qualify as a more protective ordinance.

In support of their opposition to the anti-SLAPP motion, the plaintiffs filed physical exhibits, a request for judicial notice

6

of several documents, including the County Resolution and the RSTPO, and link to electronic exhibits that were also provided by flash drive.

## D.    Reply and Hearing

Dolphin Marina filed a reply.  They argued that the public interest exception did not apply.  With respect to the litigation privilege, Dolphin Marina distinguished *Winslett*, *supra*, 26 Cal.App.5th at p. 254, on the ground that it concerned Civil Code section 1942.5, which the *Winslett* court found to be a co-equal state law that necessarily created an exception to the litigation privilege.  In comparison, the *Winslett* court stated local governments generally lack authority to create exceptions to state laws.  In addition, Dolphin Marina also explained that the TPA did not apply to the property because the RSTPO met the criteria set forth in the statute.  Dolphin Marina filed a supplemental request for judicial notice in support of the reply, which included the plaintiffs' statement of damages.

A hearing was held on the anti-SLAPP motion on April 17, 2024.  The plaintiffs argued that the litigation privilege does not apply to Civil Code section 1942.5, which concerns retaliation against a lessee for exercise of the lessee's rights.  The trial court permitted the parties to provide further briefing about the language to be stricken, but after no additional briefs were filed, the court took the matter under submission.

## E.    Trial Court Order

On April 26, 2024, the trial court granted the anti-SLAPP motion in part.  The court did not consider any evidence that plaintiffs failed to cite in their memorandum as required by rule 3.1113 of the California Rules of Court.  The court concluded that the public interest exception to the anti-SLAPP statute provided in Code of Civil Procedure section 425.17 did not apply in this case.  The plaintiffs' statement of damages sought $3 million, which appeared to be greater or different relief than that sought by the general public or the class.  In addition, there was no evidence to support the plaintiffs' assertion that no public entity has sought to enforce the rights that the plaintiffs were enforcing, and there was no showing that the plaintiffs bore a financial burden disproportionate to their stake in the matter.  The plaintiffs had not met their burden to establish the exception applied.

The trial court examined whether the challenged allegations constituted protected conduct and formed the basis of the plaintiffs' claims, regardless of whether the complaint pled protected and unprotected conduct together in a single cause of action.  The court found several of the plaintiffs' claims for relief arose from the service of three-day notices and the filing unlawful detainer lawsuits.  Many of the causes of action were based in part on protected activity, satisfying Dolphin Marina's burden at the first stage of the anti-SLAPP analysis.

Turning to the plaintiffs' burden to show a probability of prevailing at the second stage of the anti-SLAPP analysis, the trial court found the litigation privilege applied to some of the

challenged allegations. The trial court distinguished the cases cited by the plaintiffs. In *Winslett*, the litigation privilege did not apply because Civil Code section 1942.5 was a later-enacted statute and necessarily implied an intent by the legislature to override the litigation privilege by authorizing an affirmative cause of action to combat retaliatory eviction. (*Winslett*, *supra*, 26 Cal.App.5th at pp. 254–255.) The trial court noted that the County Resolution at issue in the instant case was not a state law, but a county law, and relying on *Winslett*, the trial court found local governments are not authorized to create exceptions to state laws. The trial court noted that the other case cited by the plaintiffs, *Navellier*, *supra*, concerned a waiver of the anti-SLAPP law, which was not present in the instant case. In addition, the court found the TPA did not apply to the property, so the plaintiffs could not show a likelihood of prevailing under the TPA.

The court ordered the following language stricken from the complaint as a basis for the following claims.

In the first cause of action for violation of Business and Professions Code section 17200, in paragraph 33, the court struck the phrase "by initiating wrongful eviction actions against them and."

In the second cause of action for injunctive relief, the trial court struck paragraphs 37 and 38, stating: "37. Plaintiffs request and it is within the court's inherent equity power and the power conferred upon it by Business and Professions Code section 17203 to enjoin defendants from evicting or attempting to evict any plaintiff without first obtaining permission from the court; by requiring defendants to seek leave of court so that this

9

Court can monitor and prevent defendants' retaliatory attempts to evict tenants who assert their rights.

"38. The hardship, if any, to defendants in requiring them to show that their desire to evict someone is motivated by a legitimate reason is insignificant when compared to the irreparable harm plaintiffs will suffer if they are required to defend lawsuits or are evicted."

In 13th cause of action for negligence, in paragraph 94, the court struck the phrase "or eviction."

In the 20th cause of action for violation of the RSTPO, in paragraph 120, the court struck the phrase "by issuing 3 day notices to pay rent or quit overstating the amount of rent owed and/or . . . . "

The court struck the entire 22nd cause of action for violation of the County Resolution at paragraphs 128 through 131, as follows: "128. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

"129. Los Angeles County's COVID-19 Tenant Protections Resolution, which took effect March 4, 2020, provided certain protections to residential tenants affected by the COVID-19 pandemic in Los Angeles County as well as cities in the County which included the rental property in this case. The Resolution expired March 31, 2023.

"130. Defendants violated this Resolution by seeking rent during the Covid Protected period and serving 3 day notices to pay rent or quit on plaintiffs and other tenants instead of the required 30 day notice to cure or quit. Defendants did not honor the self certifying covid 19 declarations that the resolution

10

[mandates] should be honored if they are timely submitted within 7 days of the rent being due.

"131. Plaintiffs and other tenants claiming protection [due] to inability to pay rent as a result of health effects from covid or financial inability to pay rent during the protected period due to covid were rebuked by defendants who insisted on the full rent being paid within 3 days even though the Resolution provides that tenants who submitted the covid 19 form have 12 months to repay the rent under a repayment plan. Defendants refused to permit that and filed eviction actions against [the] plaintiffs and other tenants wrongfully causing plaintiffs and/or other tenants to suffer harm and damages in being evicted and forced into the street made homeless."

The court also struck the entire 23rd cause of action for violation of the TPA, paragraphs 132 and 133, as follows: "132. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

"133. Defendants not only failed to serve the required 30 day notice but failed to pay plaintiffs and other tenants the required payment of relocation for 1 month of rental value. Defendants failed to comply with this requirement under the law and/or wrongfully evicted many tenants without just cause."

In the 24th cause of action for retaliation/harassment, in paragraph 135, the court struck the phrase, "serving 3 day notices to cure or quit and filing wrongful evictions against tenants as well as[.]"

11

The trial court denied the remainder of the motion. The plaintiffs filed a timely notice of appeal from the April 26, 2024 order.[2]

## DISCUSSION

### A.  Standard of Review

"[T]he anti-SLAPP statute is designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884 (*Wilson*).)  To accomplish this purpose, the statute authorizes a special motion to strike a claim against a person "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

Courts apply a two-step analysis to evaluate anti-SLAPP motions. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1011 (*Bonni*).)  In the first step, the court determines

---

[2] The plaintiffs' request for judicial notice filed with this appellate court on August 25, 2025, is denied because documents from the Wang case are not relevant to the resolution of the issues on appeal.  The plaintiffs' second request for judicial notice filed with this appellate court on September 10, 2025, is granted as to the Governor's Executive Order No. N-28-20 (March 16, 2020) and denied as to the County Resolution because it is duplicative of several documents in the appellate record.

whether the plaintiff's claims arise from protected activity. (*Id.* at p. 1009.) "The defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity. [Citation.]" (*Id.* at p. 1009; *Terry v. Davis Community Church* (2005) 131 Cal.App.4th 1534, 1544 (*Terry*).)

A count, as pled in the complaint, may contain allegations of both protected and unprotected activity, loosely referred to as a "mixed cause of action," but an anti-SLAPP motion can reach a claim based on protected activity regardless of how the pleading is organized. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 382 & 392 (*Baral*).) "When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at this stage." (*Id.* at p. 396.)

If the complaint seeks relief based on allegations arising from protected activity, the court turns to the second step of the analysis. (*Baral*, *supra*, 1 Cal.5th at p. 396.) In the second step, "the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." (*Ibid*.) "[A] plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.' [Citations.]" (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940.) The court, without weighing evidence or resolving evidentiary conflicts, determines "whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment." (*Baral*, *supra*, 1 Cal.5th at p. 396.) The plaintiff must also show a probability of prevailing on defenses. (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 323 [plaintiff must

13

overcome litigation privilege to demonstrate probability of prevailing]; *Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 813 [plaintiffs' claims precluded by litigation privilege and statute of limitations].)

" '[C]laims with the requisite minimal merit may proceed.' [Citation.]" (*Baral, supra*, 1 Cal.5th at p. 385.) "If not, the claim is stricken. Allegations of protected activity supporting the stricken claim are eliminated from the complaint, unless they also support a distinct claim on which the plaintiff has shown a probability of prevailing." (*Id.* at p. 396.)

On appeal, we review an order granting or denying an anti-SLAPP motion de novo. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 (*Park*).) "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity." (*Ibid.*) Considering the pleadings and the affidavits concerning the facts, we accept the plaintiffs' submissions as true "and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law. [Citation.]" (*Ibid.*)

## B. Public Interest Exception

In the plaintiffs' reply brief, they contend that the public interest exception to the anti-SLAPP statute applies in this case. Because the plaintiffs failed to properly raise this issue in their opening brief, it has been forfeited. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125 [failure to discuss issue in opening brief forfeits issue on appeal].)

Even were we to conclude that the issue had not been forfeited, however, no error has been shown.  Section 425.17 contains an exemption from the anti-SLAPP statute for public interest litigation.  (*Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, 822–823.)  The anti-SLAPP statute "does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist: [¶] (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. . . .  [¶] (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.  [And] [¶] (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter." (§ 425.17, subd. (b).)

The public interest exception is narrowly construed.  (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 316.)  "[T]he exception applies only when the entire action is brought in the public interest.  If any part of the complaint seeks relief to directly benefit the plaintiff, by securing relief greater than or different from that sought on behalf of the general public, the section 425.17(b) exception does not apply." (*Id.* at p. 312.)  The plaintiff bears the burden of proof to establish the exception. (*Sandlin v. McLaughlin, supra*, 50 Cal.App.5th at p. 818.)

In this case, no evidence was presented to the trial court to support finding private enforcement of the rights at issue is necessary.  There is no evidence that public entities have not sought to enforce the rights at issue, and no evidence that the

15

plaintiffs bear a financial burden disproportionate to their stake in the matter. In fact, in the plaintiffs' opening brief, they state that the Los Angeles County Public Health Department cited the defendants for multiple violations after inspecting the property in September 2023. The plaintiffs' declarations showing financial hardship to obtain fee waivers do not establish their financial burden as a result of the litigation or show the financial burden of the litigation is disproportionate to their stake in the matter. No error has been shown.

## C. Application of the Litigation Privilege

In the plaintiffs' opening brief, they contend the County Resolution created an exception to the litigation privilege and should be considered equivalent to state law because it was enacted pursuant to an explicit delegation of authority in an emergency order, namely, Governor's Executive Order No. N-28-20 (March 16, 2020).

In response, Dolphin Marina asserts the contention has been waived because the plaintiffs failed to raise it in the trial court below. In addition, Dolphin Marina points out that several citations in the plaintiffs' opening brief do not support the propositions stated. For example, the opening brief states, "Government Code [section] 8634 . . . provides that local emergency orders 'shall have the force and effect of law' during a declared emergency." The code section cited, which authorizes a governing body to promulgate orders to protect life and property during a local emergency, does not contain the phrase quoted. The opening brief also cites the main webpage of the California Consumer Services and Housing Agency as authority for more

16

than one proposition without any further explanation or direction. On the merits of the argument, Dolphin Marina contends the executive order at issue authorized local governments to impose Covid-related limitations on eviction actions and suspended state laws that would have otherwise governed, which provided tenants with an affirmative defense to eviction actions, but the executive order did not authorize local governments to create civil liability claims against landlords and delegation of authority to local governments is strictly construed.

In the plaintiffs' reply brief, there is no discussion of the litigation privilege, the authority of the County Resolution, the citations questioned by the respondents, or the forfeiture argument.

From our review of the record, we conclude the contention that the County Resolution created an exception to the litigation privilege, and the County Resolution should be considered equivalent to state law, has been forfeited. " ' " ' "[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court." Thus, "we ignore arguments, authority and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are [forfeited]. [Citations.]" ' " [Citation.]' [Citation.]" (*In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 912.)

## D. Applicability of the TPA

In their opening brief, the plaintiffs contend the trial court erred by concluding that the TPA does not apply to the subject

17

property, but their reasoning is nonsensical. Specifically, they state Civil Code section 1946.2, subdivision (g)(1)(B), exempts properties subject to local ordinances that were adopted or amended after September 1, 2019, and are "more protective than this section." Next, they assert the property in this case is subject to the RSTPO, the RSTPO became effective after September 1, 2019, and they assert the RSTPO *is more protective* than Civil Code section 1946.2. In fact, they explain how the RSTPO meets the criteria set forth in Civil Code section 1946.2 for a more protective local ordinance.

In response, Dolphin Marina simply points out that the plaintiffs' argument supports the trial court's finding. In the plaintiffs' reply brief, there is no further discussion of the TPA. It is clear that the trial court properly found the TPA does not apply in this case, because the later-adopted local ordinance is more protective, and therefore, the trial court correctly struck the cause of action based on the TPA for that reason.

### E.    Evidence Supporting Claims

The plaintiffs contend the trial court improperly refused to consider whether their evidence demonstrated a probability of prevailing on their claims for the reason that the plaintiffs failed to comply with various provisions of California Rules of Court, rule 3.113. Any error was harmless, however, because the plaintiffs could not show a probability of prevailing on the challenged claims based on the court's rulings that the TPA did not apply and the litigation privilege barred the claims, which we affirm on appeal. We need not reach the evidentiary issues.

18

**F.     Claims Based on Unprotected Activity**

The plaintiffs assert the complaint contains mixed causes of action based on both protected and unprotected activity, but that the trial court did not conduct the claim-by-claim analysis required by law.  Our review of the record, however, shows that the trial court conducted exactly the type of detailed analysis required under the case law.  As to some causes of action, the trial court ordered only a phrase stricken, and as to others, the court ordered the entire cause of action stricken.

The plaintiffs also contend the trial court erred by striking entire causes of action, including claims based on unprotected activity.  In the plaintiffs' opening brief, they list several causes of action that they contend should not have been stricken.  Specifically, they contend the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 14th and 15th causes of action should survive, even if eviction-related allegations are stricken.  But none of the claims listed were stricken, with the exception of a few lines from the first and second causes of action that clearly related solely to evictions.

In the plaintiffs' reply brief, they identify the 22nd and 23rd causes of action as ones that the trial court struck in their entirety without any analysis whether the relief sought was based on the unprotected conduct of refusing rent and imposing late fees, rather than on the unlawful detainer filings.  Our review of the 22nd cause of action for violation of the County Resolution shows it was based on Dolphin Marina's conduct in serving three-day notices and filing eviction actions.  The plaintiffs have not explained how any of the allegations in the

19

22nd cause of action were based on refusing to accept rent, imposing late fees, habitability, retaliation, or any other unprotected conduct.  The 23rd cause of action is for violation of the TPA, which does not apply to the property at issue, and therefore, the trial court properly struck that claim in its entirety.

The plaintiffs have not identified any allegations that were stricken erroneously.

## G.    Class Action Relief

It is unclear why the plaintiffs include a lengthy discussion of standing to pursue class action relief in their opening brief, as class certification is not at issue in connection with the anti-SLAPP motion, as Dolphin Marina notes in the respondents' brief.  The plaintiffs do not further address standing in their reply brief.  This contention has been forfeited.

## DISPOSITION

The April 26, 2024 order is affirmed.  Respondents Dolphin Marina, Ltd., GK Management Co., Inc., Goldrich & Kest Industries, LLC, Goldrich Kest Hirsh & Stern LLC, and Goldrich Kest LLC are awarded their costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


KUMAR, J.*

---

\* Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.